**Fred HENDERSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–83–00283–CR.**

Court of Appeals of Texas, San Antonio.

June 20, 1984.

Anton Paul Hajek, III, San Antonio, for appellant.

Sam Millsap, Jr., Dist. Atty., Robert Arellano, Charles Estee, Asst. Criminal Dist. Atty., San Antonio, for appellee.

Before BUTTS, REEVES and TIJERINA, JJ.

## OPINION

TIJERINA, Justice.

This is an appeal from a conviction for murder. TEX.PENAL CODE ANN. § 19.-02(a)(1) (Vernon 1974). The jury found appellant guilty as charged and assessed the punishment at twenty (20) years' confinement. The trial court denied the motion for a new trial whereupon appellant gave timely notice of appeal. We affirm.

Appellant challenges the sufficiency of the evidence to support the jury's finding of guilty which requires a brief factual background. Appellant and his girlfriend, Paulette Harrison, were at the Inn-Keeper restaurant where they were joined by the victim, Faye Peterson, and her sister, Mary Peterson. An argument developed when Faye accused Paulette of stealing money from her purse. The victim and her sister left but later returned and had a confrontation in the parking area outside the restaurant. It appears that the victim, Faye, had a knife in her hand and attempted to attack Paulette. They were separated and someone took the knife away from Faye, and then she returned to her car. It was at this time that appellant obtained a gun from a bystander and fired several shots at Faye. The medical examiner found only one wound, indicating that the deceased was shot on the left side of her face at close range.

In ground of error one appellant contends that the trial court committed reversible error in failing to submit to the jury a verdict form of "not guilty." The record as approved by the trial court did not include a "not guilty" verdict form. Subsequent to the filing of the record and appellant's brief this Court granted the State's motion for a supplemental transcript which included the verdict form of "not guilty." The record reflects that the verdict form of "not guilty" was properly before the jury. No error is shown. Ground of error one is overruled.

Appellant's second ground of error concerns the contention that the evidence was insufficient to support the jury's finding of guilty. He specifically argues that he acted in self-defense and as a result thereof should have been acquitted. TEX. PENAL CODE ANN. § 9.31(a) (Vernon Supp.1984) provides that a person is justified in using force against another when and to the degree he reasonably believes the force is immediately necessary to protect himself against the other's use or attempted use of unlawful force. Section 9.32 provides as follows:

A person is justified in using deadly force against another:

(1) if he would be justified in using force against the other under Section 9.31 of this Code;

(2) if a reasonable person in the actor's situation would not have retreated; and

(3) when and to the degree he reasonably believes the deadly force is immediately necessary;

    (A) to protect himself against the other's use or attempted use of unlawful deadly force; or

\*   \*   \*   \*   \*   \*

*Id.* Before one exerts deadly force in response to an attack, he must reasonably believe that such defensive force is immediately necessary. *Semaire v. State,* 612 S.W.2d 528, 530 (Tex.Crim.App.1980).

Appellant and his girlfriend both testified that the deceased attempted to attack appellant with a butcher knife, threatened to kill him and was reaching for a rifle and that's when he fired his weapon in self-defense, because he feared for his life. The State's eyewitness, Kathy Freeman, testified that the deceased had made an attempt to attack appellant's girlfriend, Paulette, but was restrained and she returned to her car, sat down on the driver's side, with the doors closed. The witness further stated that appellant obtained a gun and walk toward the decedent, saying: "Bitch, I'm going to teach you from drawing a knife, being disrespectful and nobody else is going to do this." She did not see the decedent with the rifle or point a knife at appellant at the time of the shooting.

■ The record reflects that the trial court properly charged the jury on the law of self-defense. The evidence as to whether the use of force by appellant was immediately necessary to protect himself from decedent was disputed. The matter of self-defense was a fact question submitted for the determination of the jury. They disregarded his testimony and rejected his self-defense contentions and such finding is not erroneous as a matter of law. *Rios v. State,* 510 S.W.2d 326, 327 (Tex.Crim.App. 1974). In reviewing the sufficiency of the evidence question, we determine, after viewing the evidence in the light most favorable to the prosecution, whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319 n. 12, 99 S.Ct. 2781, 2789 n. 12, 61 L.Ed.2d 560 (1979); *Girard v. State,* 631 S.W.2d 162, 163 (Tex.Crim.App. 1982). We, therefore, conclude that the evidence rationally establishes appellant's guilt beyond a reasonable doubt. The second ground of error is overruled.

■ Appellant's third assignment of error concerns a challenge to the admissibility of State Exhibits 19 through 22 (i.e. photographs) in evidence. He argues that the exhibits did not have probative value and were calculated to prejudice and inflame the minds of the jury. The following colloquy is pertinent to this issue:

COURT: I will admit 2 through 22 as marked.

MR. KING: All right. Note our exception to 19 and 22. And we had no objection to the other.

The failure to timely object waives any error in the admission of evidence. *Von Byrd v. State,* 569 S.W.2d 883, 898 (Tex. Crim.App.1978), *cert. denied,* 441 U.S. 967, 99 S.Ct. 2418, 60 L.Ed.2d 1073 (1979). We are, therefore, only concerned with reviewing exhibits nineteen and twenty-two, which are photographs showing the deceased in the front seat of her automobile. The admissibility of photographs is within the sound discretion of the trial judge. *Phillips v. State,* 511 S.W.2d 22, 28 (Tex. Crim.App.1974). If a photograph is competent, material and relevant to the issues on trial, the photograph will not be inadmissible because it is gruesome, unless it is offered solely to inflame the minds of the jury. If a verbal description of the body and the scene would be admissible, a photograph depicting the same would be admissible. Only when the probative value of the photograph is very slight and the inflammatory aspects great will it be an abuse of discretion to admit the photographs. *Harrington v. State,* 547 S.W.2d 621, 625–26

(Tex.Crim.App.1977). In the instant case appellant concedes that the position of deceased's body may be relevant. These photographs would be relevant and material to appellant's issue of self-defense and establish whether she had a knife in her hand or was getting out of the automobile. The gruesome nature of the photograph does not outweigh their probative value. Therefore, given the facts in this case, it is unlikely that there is a reasonable probability that the evidence complained of might have contributed to appellant's conviction. Ground of error three is overruled.

Lastly, appellant complains of ineffective assistance of counsel. The only argument supported by authorities is as follows: "The effectiveness of counsel is decided on a case by case basis." *Parker v. North Carolina,* 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970); *McMann v. Richardson,* 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). The merits of the question were not briefed, however, there is a pro se letter from appellant wherein he complains about differences with his trial attorney in picking a jury.

■ The right to assistance of counsel is guaranteed by the Sixth Amendment to the United States Constitution, made mandatory on the states by virtue of the Fourteenth Amendment. *Cuyler v. Sullivan,* 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980). The standard to determine whether counsel has performed effectively was set out in *MacKenna v. Ellis,* 280 F.2d 592 (5th Cir.1960), *modified on other grounds, per curiam,* 289 F.2d 928 (5th Cir.), *cert. denied,* 368 U.S. 877, 82 S.Ct. 121, 7 L.Ed.2d 78 (1961). "We interpret counsel to mean not errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render *and rendering* reasonably effective assistance." *MacKenna v. Ellis,* 280 F.2d at 599. (Emphasis in original). The Texas courts have subsequently adopted the reasonably effective assistance standard. *Ex parte Duffy,* 607 S.W.2d 507 (Tex.Crim. App.1980).

■ In reviewing this issue, we evaluate counsel's performance from the totality of the representation. *Archie v. State,* 615 S.W.2d 762, 765 (Tex.Crim.App.1981). Each case must be assessed on its own particular facts. *Ex parte Gallegos,* 511 S.W.2d 510, 511 (Tex.Crim.App.1974). The reviewing court will not attempt to second guess through appellate hindsight the strategy employed by counsel at trial. *Howell v. State,* 563 S.W.2d 933, 837 (Tex. Crim.App.1978).

Very recently the United States Supreme Court in *Strickland v. Washington,* —— U.S. ——, ——, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984), held that the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. The record in this case reflects no showing that would "undermine confidence in the outcome." *Id.* at ——, 104 S.Ct. at 2068.

■ The record reflects that appellant's trial counsel presented sufficient testimony to raise the issues of "voluntary manslaughter" and self-defense and the jury was so charged. The cross-examination of the State's witnesses was thorough and competent. The range of punishment for murder is life imprisonment or not less than five (5) years and not more than ninety-nine (99) years plus a $10,000.00 fine. In view of the evidence in this record, counsel appears to have rendered reasonably effective assistance of counsel in the defense of this case. Ground of error number four is overruled.

The judgment of the trial court is affirmed.