**Michael Carl STENSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 05–83–00820–CR.

Court of Appeals of Texas, Dallas.

Oct. 23, 1984.

J. Stephen Cooper, Bruder & Cooper, Dallas, for appellant.

Donald G. Davis, Steve Stevenson, George West, Dallas, and Robert Huttash, Austin, for appellee.

Before CARVER, VANCE and WHITHAM, JJ.

VANCE, Justice.

Appeal is from a jury conviction for burglary of a habitation. The punishment was assessed at imposition of a $500 fine and imprisonment for ten years. Appellant presents two grounds of error where he claims he was denied effective assistance of counsel and thereby denied a fair trial. We disagree, and thus affirm the judgment.

Appellant was charged with burglarizing his neighbor's house. Upon returning home from her work on the night shift, the complainant, a single mother, found that her house had been burglarized. Various items of personal property, including frozen meats and canned goods, were missing. Several cans were found outside the door which had been broken into, including a can of tuna bearing appellant's fingerprint. Though admitting appellant had visited her home before, the complainant. stated that he had not been there with her consent in approximately one year. She purchased the tuna the week before the burglary. A sixteen-year-old neighbor testified that he knew appellant and saw him walking across the complainant's back yard on the night of the burglary carrying two grocery sacks. He watched appellant walk two doors down to his own back yard, where he saw other grocery sacks and trash bags. Subsequently, with the help of a companion, appellant loaded the sacks into a truck in the alley and drove away.

Appellant's defensive theory consisted of testimony that, contrary to the complainant's assertions, he and the complainant had been intimately involved. Appellant testified that on a recent visit to the complainant's house, he had handled the tuna can while making a sandwich. Appellant denied burglarizing the house, and on cross-examination, offered alibi evidence

that he was elsewhere during that time period.

The State, in rebuttal, called a neighborhood child who testified that several months after the instant offense she observed appellant trying to break into her house while her mother was at work. Appellant's counsel subsequently called several witnesses to establish an alibi for the extraneous offense.

■ In his brief, appellant sets forth numerous instances where his court appointed trial counsel allegedly rendered ineffective assistance. Appellant's primary complaints focus on the introduction of evidence of extraneous offenses, including the complainant's speculations that appellant was additionally responsible for a prior burglary of her house, and evidence that appellant had committed numerous similar burglaries in the neighborhood. The prosecution propounded the theory that appellant had affairs with single mothers who lived in the neighborhood, and then burglarized them while they were away at work. Appellant also complains of: permitting improper opinion and impeachment evidence; the failure to establish reputation evidence; the failure to preserve error on improper "have you heard" questions; and the failure to object to an improper final argument. Because the adequacy of a counsel's assistance is based upon the totality of the attorney's representation, we decline to take up each instance of ineffective assistance alleged in appellant's brief. *Williams v. State*, 513 S.W.2d 54, 56 (Tex. Crim.App.1974); *Segundo v. State*, 662 S.W.2d 798, 800 (Tex.App.—Corpus Christi 1983, pet. ref'd).

■ The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984) held that to successfully advance an ineffective assistance claim:

*First*, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.

*Second*, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes *both showings*, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable. [Emphasis added].

■ The test to be applied in determining whether counsel provided constitutionally satisfactory services is the "reasonably effective assistance" standard. *Strickland*, 466 U.S. at ——, 104 S.Ct. at 2064; *Saylor v. State*, 660 S.W.2d 822, 824 (Tex. Crim.App.1983) (*en banc*). This right does not mean errorless counsel, or counsel whose competency or adequacy is to be judged by hindsight. *Saylor*, 660 S.W.2d at 824. Rather, the right to counsel affords an accused an attorney "reasonably likely to render and rendering reasonably effective assistance." *Cannon v. State*, 668 S.W.2d 401, 402 (Tex.Crim.App.1984) (*en banc*). A fair assessment of counsel's performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances, and to evaluate the conduct from counsel's perspective at the time. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at ——, 104 S.Ct. at 2065–2066. A full inquiry into the strategy or tactics of counsel should be made only if from all appearances after trial, there is no plausible basis in strategy or tactics for his actions. *Ex Parte Burns*, 601 S.W.2d 370, 372 (Tex.Crim.App.1980) (*en banc*). The fact that other counsel might have tried the case differently will not support a finding of ineffectiveness. *Blott v. State*, 588 S.W.2d 588, 592 (Tex.Crim.App.1979) (*en*

*banc*). Thus, conduct must be judged on the facts of the particular case, and allegations must be firmly founded. *Johnson v. State,* 614 S.W.2d 148, 149 (Tex.Crim.App. 1981).

 Even if a defendant has shown that particular errors of counsel were professionally unreasonable under the aforementioned guidelines, the second "prejudice" prong of the *Strickland* test requires a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at ——, 104 S.Ct. at 2068. It is not enough for the defendant to show that the errors had some conceivable effect on the outcome. Furthermore, in making this determination the assessment of prejudice should proceed on the assumption that the decisionmaker is reasonably, conscientiously, and impartially applying the standards that govern the decision. *Id.,* 466 U.S. at ——, 104 S.Ct. at 2067–2069.

 Our review of the record reveals that trial counsel: filed numerous pre-trial motions and obtained rulings thereon, including a motion excluding extraneous offenses; filed an application for probation; procured and effectively examined numerous defense witnesses; extensively cross-examined the State's witnesses; introduced evidence attempting to discredit the eyewitness; obtained favorable rulings on numerous objections throughout the trial; and filed a motion for new trial based on the surprise testimony of the eyewitness, allegedly in violation of a discovery motion. Furthermore, the maximum punishment appellant could have received was 99 years or life with a $10,000 fine. Appellant received a ten-year sentence and a $500 fine. We conclude that under the circumstances appellant received "reasonably effective assistance of counsel." We further conclude that even if appellant's allegations of error are taken as true, in light of the inculpatory evidence, this case reflects no showing of prejudice that would "undermine confidence in the outcome." *Strickland,* 466 U.S. at ——, 104 S.Ct. at 2068. *See also, Henderson v. State,* 673 S.W.2d 662, 665 (Tex.App.—San Antonio 1984, no pet.). Appellant's grounds of error are overruled.

The judgment is affirmed.