Franklin Louis JOHNSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–84–00251–CR.

Court of Appeals of Texas,
San Antonio.

July 31, 1985.

Peter A. Sakai, San Antonio, for appellant.

Sam Millsap, Jr., Dist. Atty., Edward F. Shaughnessy, III, San Antonio, for appellee.

Before CADENA, C.J., and ESQUIVEL and DIAL, JJ.

## OPINION

ESQUIVEL, Justice.

Appellant was charged with the offense of sexual assault (repeater). The cause was tried before a jury who found appellant guilty of the offense of sexual assault. The trial court found the repeater allegation true and assessed punishment at twenty years' confinement.

Appellant presents three grounds of error. In ground of error number one appellant alleges the indictment was fundamentally defective because it failed to allege

that appellant acted with the requisite mental state. In ground of error number two the appellant alleges the trial court erred in holding the evidence to be sufficient to sustain the conviction because the evidence was insufficient to prove the repeater count as alleged in the indictment. In ground of error number three the appellant alleges the conviction was void because trial counsel did not render effective assistance.

The indictment alleged, inter alia, the following:

[O]n or about the 30TH day of OCTOBER, A.D., 1983, FRANKLIN LOUIS JOHNSON, hereafter referred to as defendant, did then and there cause the sexual organ of D____ M____, hereafter referred to as the complainant, a person not the spouse of the said defendant, to CONTACT the MOUTH OF THE SAID DEFENDANT, without the effective consent of the said complainant, in that THE SAID DEFENDANT INTENTIONALLY AND KNOWINGLY COMPELLED SAID COMPLAINANT TO SUBMIT AND PARTICIPATE BY THE USE OF PHYSICAL FORCE AND VIOLENCE.

Sexual assault under the Penal Code, section 22.011, states:

(a) A person commits an offense if the person:

(1) intentionally or knowingly:

   *    *    *    *    *    *

(c) causes the sexual organ of another person who is not the spouse of the actor without that person's consent, to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor; or

(b) Sexual assault under Subsection (a)(1) of this section is without the consent of the other person if:

(1) the actor compels the other person to submit or participate by the use of physical force or violence.

TEX.PENAL CODE ANN. § 22.011 (Vernon Supp.1985).

Appellant argues that in order to be convicted of sexual assault, he must have engaged in the conduct intentionally and knowingly without the complainant's consent. Appellant states that even though the indictment alleges, essentially, that he intentionally and knowingly compelled the complainant to submit and participate by the use of physical force and violence, that compelling submission by physical force and violence is evidence of non-consent but does not constitute a criminal offense; that the criminal conduct is intentionally or knowingly causing the sexual organ of another who is not the spouse of the actor, without the person's consent, to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor. Appellant argues the indictment in this case alleges that the appellant, with mens rea, compelled the complainant to do something by use of force and violence. That something, however, could have been assault by bodily injury, false imprisonment, public lewdness, etc. Consequently, appellant alleges that when read as a whole, the indictment in the instant case lowered the State's required burden of proof, failed to allege a proper culpable mental state and is, therefore, fundamentally defective. *Zachary v. State*, 552 S.W.2d 136, 137 (Tex.Crim.App. 1977).

In response to the appellant's argument that the indictment wholly fails to allege the requisite culpable mental state and is therefore fundamentally defective, the State argues that the indictment is worded in such a way that before appellant could engage in sexual contact with the complainant he necessarily engaged in intentional and knowing conduct which compelled the submission of the complainant to the contact in question. We agree with the State.

The appellant filed no pre-trial motion to quash the indictment; therefore, reversal of the instant case is mandated only if the indictment is so defective as to wholly fail to allege the offense of sexual assault. *Anderson v. State*, 615 S.W.2d 745, 746 (Tex.Crim.App.1981); *Rohlfing v. State*, 612 S.W.2d 598, 602 (Tex.Crim.App. 1981); *Franklin v. State*, 607 S.W.2d 574, 576 (Tex.Crim.App.1980). The issue before

us is whether the indictment contains a defect which prevented the trial court from gaining jurisdiction over the prosecution of the appellant. *See Clark v. State,* 577 S.W.2d 238, 240 (Tex.Crim.App.1979). The indictment alleges that the appellant intentionally and knowingly, without the effective consent of complainant, compelled the complainant to participate by the use of force and violence; moreover, that the contact between the sexual organ of the complainant and the mouth of the appellant was without the effective consent of the complainant. We hold that the indictment sufficiently alleges the requisite culpable mental state. *See Jason v. State,* 589 S.W.2d 447, 449 (Tex.Crim.App.1979); *Ex parte Smith,* 571 S.W.2d 22, 23 (Tex.Crim. App.1978). The appellant's first ground of error is overruled.

In his second ground of error, the appellant contends that the trial court erred in holding the evidence to be sufficient to sustain the conviction because the evidence was insufficient to prove the repeater count as alleged in the indictment. The record reflects that the appellant entered a plea of true to the enhancement paragraph of the indictment at the penalty stage of the trial. We hold he cannot now complain that the evidence is insufficient to support the plea of true. Appellant's plea of true is sufficient to support the court's finding. *Foster v. State,* 603 S.W.2d 879, 881 (Tex.Crim.App.1980); *Dinn v. State,* 570 S.W.2d 910, 915 (Tex.Crim.App.1978); *Graham v. State,* 546 S.W.2d 605, 608 (Tex.Crim.App.1977). Appellant's second ground of error is overruled.

In his third ground of error the appellant contends that the conviction is invalid because trial counsel did not render effective assistance. Under the guidelines set out in the Supreme Court opinion in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), appellant has the burden of showing that but for counsel's unprofessional errors the result of the proceeding would have been different. An appellate court need not determine whether counsel's performance was

deficient before examining the prejudice suffered by the defendant. This means that if the appellant does not demonstrate prejudice, then the sixth amendment right to counsel has not been violated. The State argues that the appellant wholly failed to demonstrate that but for the conduct of his trial counsel he would have benefitted from a different result. There is nothing in the record to indicate that the performance of trial counsel was so deficient as to undermine confidence in the outcome of the hearing.

Trial counsel did the following:

(1) made general remarks to the jury panel during voir dire;

(2) questioned members of the venire in a manner designated to determine their attitudes on the issue of consent;

(3) cross-examined each of the State's six witnesses;

(4) argued the issues of consent and credibility during his closing argument.

*See Strickland,* 466 U.S. at ——, 104 S.Ct. at 2064, 80 L.Ed.2d at 693; *see also Cano v. State,* 681 S.W.2d 291, 292 (Tex.App.— San Antonio, 1984); *Martinez v. State,* 675 S.W.2d 573, 575 (Tex.App.—San Antonio 1984, no pet.); *Henderson v. State,* 673 S.W.2d 662, 665 (Tex.App.—San Antonio 1984, no pet.).

In support of his allegation that trial counsel was ineffective, appellant advances four propositions. The first is that trial counsel failed to object at trial to preserve error on appeal. Appellant points out that trial counsel raised only three objections to the State's case in chief. Trial counsel only raised two objections to the court's actions, the first to the court's overruling of his motion for instructed verdict and the second, to the court's charge to the jury. Throughout the rest of the trial, including jury argument, trial counsel raised only five more objections. Further, appellant argues trial counsel allowed inadmissible testimony to taint the jury. Speculative and leading questions were also allowed

unobjected to by trial counsel. While appellant concedes that the failure to object at every instance of improper evidence does not mean that appellant's representation was ineffective, *Ewing v. State,* 549 S.W.2d 392, 395 (Tex.Crim.App.1977); nevertheless, the failure to object affirmatively shows that trial counsel had no strategy and when viewed in the totality of the circumstances counsel's representation was not reasonably effective.

The second proposition is that trial counsel filed only one pretrial motion; a motion to set aside the indictment for violation of the Speedy Trial Act. The record is devoid of any action or ruling taken upon this motion or of any other pretrial representation by trial counsel. The third proposition is that trial counsel failed to file a motion to quash the indictment. In support of this proposition, appellant refers us to his argument under his first ground of error. The appellant adds further, however, that "Bexar County" is misspelled in the repeater allegation of the indictment. The appellant states, "conceding that this act of omission may not have made a difference, it is indicative of the totality of representation provided by trial counsel." The fourth proposition is that trial counsel failed to file any post-trial motions. While an appellate court is "not in a position to 'second guess' through appellate hindsight, the strategy adopted by counsel at trial," *Ewing,* 549 S.W.2d at 395, the appellant argues that in the case at bar, no question of strategy is presented.

■ After reviewing the record in this case we hold the appellant has failed to demonstrate that the performance of his trial counsel was so deficient as to prejudice him and undermine confidence in the result of the trial pursuant to the standards of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Appellant's third ground of error is overruled.

Accordingly; the judgment of conviction is affirmed.