In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00082-CR


______________________________




DAMIEN LYNN JOLLY, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 8th Judicial District Court


Hopkins County, Texas


Trial Court No. 0517872




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Damien Lynn Jolly appeals from his conviction for aggravated assault with a deadly weapon. 
Jolly believed that the victim, Marcus Wells, (1) had reported Jolly and Jolly's wife to Child Protective
Services (CPS). (2) In retaliation for the alleged report, Jolly and several friends lured Wells to an old
county dirt road on the pretext of attending a party. One of Wells' companions stopped his vehicle
on a bridge in front of Wells' truck, blocking the road. Another companion pulled up behind Wells'
truck to prevent Wells from backing up. Jolly and his companions pulled Wells from his pickup
truck and then proceeded to kick Wells and beat Wells with baseball bats, (3) causing severe injuries (4)
to Wells. Jolly pled guilty, and the jury assessed punishment at twenty years' imprisonment. The
trial court sentenced Jolly consistent with the jury's assessment. Jolly's sole issue on appeal is that
he was denied effective assistance of counsel. Because Jolly has failed to show his counsel was
ineffective, we affirm the judgment of the trial court.

 Jolly claims he failed to receive effective assistance of counsel as guaranteed by the Sixth
Amendment to the United States Constitution; Article I, Section 10 of the Texas Constitution; and
Article 1.051 of the Texas Code of Criminal Procedure. See U.S. Const. amend. VI; Tex. Const.
art. I, § 10; Tex. Code Crim. Proc. Ann. art. 1.051 (Vernon 2005). Both the Sixth Amendment and
the Texas Constitution confer a right to effective representation by counsel. U.S. Const. amend. VI;
Tex. Const. art. I, § 10. If counsel's performance is ineffective, the conviction cannot stand. The
Texas Court of Criminal Appeals has held that the Texas Constitution does not impose a higher
standard than the Sixth Amendment. Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App.
1994); Hernandez v. State, 726 S.W.2d 53, 56-57 (Tex. Crim. App. 1986). 

 The standard of testing claims of ineffective assistance of counsel is set out in Strickland v.
Washington, 466 U.S. 668, 694-95 (1984). To prevail on this claim, an appellant must prove by a
preponderance of the evidence (1) that his or her counsel's representation fell below an objective
standard of reasonableness and (2) a "reasonable probability" that, but for trial counsel's errors, the
result of the trial would have been different. Id. at 694; see also Bone v. State, 77 S.W.3d 828, 833
(Tex. Crim. App. 2002). To meet the first prong of this burden, an appellant must prove that his or
her attorney's representation fell below the standard of prevailing professional norms. Tong v. State,
25 S.W.3d 707, 712 (Tex. Crim. App. 2000). Under this standard, a claimant must prove that
counsel's representation so undermined the proper functioning of the adversarial process that the trial
cannot be relied on as having produced a just result. Strickland, 466 U.S. at 686. 

 In determining if counsel's performance was deficient, our review of counsel's representation
is highly deferential, and we indulge a strong presumption that counsel's conduct falls within a wide
range of reasonable representation. Id. at 689; Tong, 25 S.W.3d at 712. Any allegation of
ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate
the alleged ineffectiveness. Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). In the
absence of direct evidence of counsel's reasons for the challenged conduct, we will assume a
strategic motivation if any can be imagined. Garcia v. State, 57 S.W.3d 436, 440 (Tex. Crim. App.
2001). A full inquiry into the strategy or tactics of counsel should be made only if, from all
appearances after trial, there is no plausible basis in strategy or tactics for counsel's actions. See
Johnson v. State, 614 S.W.2d 148, 152 (Tex. Crim. App. [Panel Op.] 1981); Ex parte Burns, 601
S.W.2d 370, 372 (Tex. Crim. App. 1980); Stenson v. State, 695 S.W.2d 569, 571 (Tex. App.--Dallas
1984, no pet.).

 When, as here, ineffective assistance is raised on direct appeal, appellate counsel and the
court must proceed on a trial record not developed for the object of litigating or preserving the claim
and thus often incomplete or inadequate for this purpose. Freeman v. State, 125 S.W.3d 505, 506
(Tex. Crim. App. 2003); cf. Massaro v. United States, 538 U.S. 500, 504-05 (2003). A claim of
ineffective assistance of counsel, on an undeveloped record on direct appeal, should, nonetheless,
"be entertained and upheld if supported by the record." Oldham v. State, 977 S.W.2d 354, 360 (Tex.
Crim. App. 1998). "[W]hen no reasonable trial strategy could justify the trial counsel's conduct,
counsel's performance falls below an objective standard of reasonableness as a matter of law,
regardless of whether the record adequately reflects the trial counsel's subjective reasons for acting
as she did." Andrews v. State, 159 S.W.3d 98, 102 (Tex. Crim. App. 2005).

 Jolly complains that his counsel failed to object to the State's repeated references that the case
before the jury was nearly a murder trial. According to Jolly, defense counsel was ineffective for
failing to object to these statements. Jolly claims the probative value of these statements was greatly
outweighed by the prejudicial effect they would have with the jury. The State solicited opinions
from several of the fact witnesses concerning whether they believed Wells might die from the
injuries. Charlie Walker, a deputy sheriff with the Hopkins County sheriff's office at the time of the
assault, testified he did not believe Wells was going to survive. Kathy Halter, a paramedic with
Hopkins County Medical Services, testified she believed that Wells was going to die after treating
Wells at the scene of the crime. The State also made repeated references to the case nearly being a
murder investigation. Lewis Tatum, a criminal investigator with the Hopkins County sheriff's office,
testified he was led to believe the victim would likely die when he was investigating the assault. As
argued by the State, most of these statements were made by individuals whose belief as to the
victim's chances of survival and the extent of the injuries was based on actual training and
experience. Jolly's accomplices testified similarly. John Perez testified he thought Wells was dead. 
Kerry Jones testified that Alvarez wanted to kill Wells and agreed that it was clear Jolly and his
accomplices were planning to "kill [Wells] or at least something pretty close to it." Based on this
evidence, we do not find the complained-of comments to be objectionable and counsel did not fall
below the standard of reasonable competency by failing to object. Cf. Guidry v. State, 9 S.W.3d 133,
140 (Tex. Crim. App. 1999). 

 According to Jolly, defense counsel was ineffective because he did not object to the mention
of an unadjudicated sexual assault. The State argues on appeal that its line of questioning at trial did
not allege that an unadjudicated offense was committed by Jolly. According to the State, the line
of questioning merely requested that the witness assume certain facts and describe common practices
based on her experience. Christy Robertson, a social worker, had testified that the parents were
provided with minimum information regarding the allegations CPS was investigating, that the
parents were angry about the allegations, and that the parents wanted to know who had reported the
allegations. The State then proposed the following hypothetical:

 Q [By the State] I think I need to clarify, because I think we've gotten
confused. In the pre-interview discussion with the family members about why their
children are being interviewed, sometimes you don't tell them -- or sometimes the
parents aren't told all the information? In other words, if Amanda Jolly's brought into
the -- into the advocacy center with the children, and say that the allegation was her
husband, Damien Jolly, had sexually abused her sister, Amy, and that if the
allegations included that Amy had informed Amanda Jolly previous to this allegation,
and she didn't believe her, would it be unusual, during that interview, for her not to
be explained that, "This is what we're here about, your husband having molested your
sister, who, when she told you two years ago, you didn't believe her?" Would that
be unusual to withhold that information?


 A [Robertson] No, that would not be unusual to withhold that
information.


Even if defense counsel should have objected to the above hypothetical, we are unable to conclude
that his performance, under the totality of the circumstances, is deficient. 

 This line of inquiry was relevant to explain the motive in this case. The investigation by the
CPS was an integral part of the case. A substantial amount of evidence concerning the CPS
investigation was introduced at trial. At punishment, evidence of unadjudicated offenses is generally
admissible. Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (Vernon 2006). Further, Robertson
had previously testified concerning three allegations by Jolly's wife's children involving Jolly and
others. Ineffective assistance of counsel claims must be evaluated based on the totality of the
circumstances. Strickland, 466 U.S. at 693. Under the totality of the circumstances, we are unable
to conclude Jolly's trial counsel's performance was deficient. "Isolated failures to object to certain
procedural mistakes or improper evidence or argument do not constitute ineffective assistance of
counsel." Wenzy v. State, 855 S.W.2d 52, 53 (Tex. App.--Houston [14th Dist.] 1993, pet. ref'd). 
Jolly was not entitled to errorless counsel. See Ex parte Welborn, 785 S.W.2d 391, 393 (Tex. Crim.
App. 1990). Even if counsel erred in not objecting to the hypothetical or the other evidence
concerning a possible unadjudicated offense, Jolly has failed to show, under the totality of the
circumstances, his trial counsel's performance was so outrageous that no competent attorney would
have engaged in it.

 Jolly contends his defense counsel was also ineffective for failing to present evidence of
mitigating factors to the jury. Jolly argues defense counsel could have, at a minimum, called Jolly's
wife to testify about Jolly's "good qualities, his work history, and his family ties." In support of this
proposition, Jolly cites Milburn v. State, 15 S.W.3d 267 (Tex. App.--Houston [14th Dist.] 2000, pet.
ref'd). In Milburn, there were "no fewer than twenty witnesses available to testify on appellant's
behalf. These witnesses would have testified that, inter alia, appellant was a good father to a child
of special needs and that he was an outstanding employee." Id. at 270-71. In order to establish that
trial counsel was ineffective for failing to call witnesses, the evidence must show that witnesses were
available and that the testimony of the available witnesses would have benefitted the defense. See
King v. State, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983); Mares v. State, 52 S.W.3d 886, 892 (Tex.
App.--San Antonio 2001, pet. ref'd). Jolly only identifies one potential witness--his wife--and has
failed to show her availability or establish that her testimony would actually benefit his defense. 
Milburn is clearly distinguishable from the current case. Because Jolly has failed to show that
witnesses were available and that the testimony of the available witnesses would have benefitted the
defense, Jolly has failed to show his counsel was ineffective.

 An appellant must prove that his or her attorney's representation fell below the standard of
prevailing professional norms. Jolly has failed to show his counsel's performance, under the totality
of the circumstances, fell below the standard of prevailing professional norms. Even if Jolly had
shown the performance of his counsel was deficient, Jolly has failed to show a "reasonable
probability" that, but for trial counsel's errors, the result of the trial would have been different. 

 For the reasons stated, we affirm the judgment of the trial court.



 Jack Carter

 Justice


Date Submitted: May 29, 2007

Date Decided: June 5, 2007


Do Not Publish

1. We note the indictment referred to the victim as "Marcus Allen Vaughn." In the reporter's
record, the victim is referred to as "Vaughan." Elaine Wells, Wells' mother, testified that Marcus
Vaughan was Wells' birth name and that Wells' name had been legally changed to Marcus Wells. 
Wells did not testify at the trial. We will refer to the victim as Wells.
2. The State introduced evidence at trial that Wells did not report Jolly to CPS.
3. Juan Alvarez suggested that the two weapons were a baseball bat and a fiberglass axe
handle. John Perez testified that two baseball bats were used. 
4. Wells was in a coma for two to three weeks and suffered brain damage resulting in
blindness. Some of Wells' vision has returned, and he is able to perform some life functions on his
own. Wells, though, has permanent hearing loss, vision loss, memory problems, coordination issues,
frequent infections, scars, and still has a depression in the back of his head.