COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-06-226-CR

FRED JAMES LALONE APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 78TH DISTRICT COURT OF WICHITA COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Fred James LaLone
 appeals from his convictions for aggravated assault and burglary of a habitation.  
In two issues, Appellant argues his trial counsel was ineffective because (1) he introduced evidence of alleged extraneous offenses committed when Appellant was a juvenile without requesting a limiting instruction or an instruction on reasonable doubt and (2) he failed to request a limiting instruction when the State offered evidence of Appellant’s drug use prior to the events in question.  We affirm.

Background

On June 1, 2005, Appellant forced his way into the home of his former girlfriend, chased her into a bedroom, and held a knife to her throat.  After overturning some furniture, Appellant fled the residence.  Police gave chase and, after a scuffle in which Appellant’s finger was broken, apprehended him. The police took Appellant to a hospital for treatment, where he told a nurse he had been smoking crack cocaine for a few days prior to the incident; the nurse recorded Appellant’s statement in his medical records. 

During the guilt/innocence phase of trial, the trial court held a hearing on whether to admit the medical records and Appellant’s statement about smoking crack.  The trial court ruled the evidence admissible as relevant to Appellant’s state of mind but said, “I’m going to give a limiting instruction if [Appellant’s counsel] asks for it and would help me come up with the right kind of instruction.”  Counsel said he would tell the court what limiting instruction he wanted when the evidence was offered.  But when the officer who arrested Appellant and took him to the hospital testified that Appellant said he had been smoking crack for three days, counsel did not object or request a limiting instruction; nor did counsel object or request a limiting instruction when the State later offered the medical records.   

Also at guilt/innocence, Appellant’s counsel offered as evidence records from Child Protective Services of Gaston County, North Carolina.  Among those records is the description of a 1989 incident when Appellant assaulted a woman by holding a butcher knife to her throat, for which he was adjudicated for the offense of assault with a deadly weapon and placed on six months’ probation. 
 The records also contain other notes about Appellant’s violent and disruptive behavior.  Counsel did not request a limiting instruction or a charge instruction on reasonable doubt as to the 1989 extraneous offense.  In closing argument, counsel told the jury, “Yeah, there’s some bad things in there [the CPS records] because I wanted you to know -- Fred and I thought it was important for you to know how we got here today.”  Counsel went on to discuss the difficulties Appellant faced as a child.

The jury convicted Appellant of aggravated assault and burglary of a habitation
 and assessed punishment of fifty years’ confinement and a $10,000 fine for the assault and twenty-five years’ confinement and a $10,000 fine for the burglary; the trial court rendered judgment accordingly.  Appellant’s trial counsel filed a motion for new trial, but the motion did not assert an ineffective assistance claim, and the trial court did not conduct a hearing on the motion. 

Standard of Review

To establish ineffective assistance of counsel, appellant must show by a preponderance of the evidence that his
 counsel’s representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for counsel’s deficiency, the result of the trial would have been different.  
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Salinas v. State
, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); 
Mallett v. State
, 65 S.W.3d 59, 62-63 (Tex. Crim. App. 2001); 
Thompson
 
v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).

When evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case.  
Thompson
, 9 S.W.3d at 813.  The issue is whether counsel’s assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error.  
See Strickland
, 466 U.S. at 688-89, 104 S. Ct. at 2065.  Review of counsel’s representation is highly deferential, and the reviewing court indulges a strong presumption that counsel’s conduct fell within a wide range of reasonable representation.  
Salinas
, 163 S.W.3d at 740; 
Mallett
, 65 S.W.3d at 63.  To overcome the presumption of reasonable professional assistance, “any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.”  
Id.
 (quoting 
Thompson
, 9 S.W.3d at 813).  In the absence of direct evidence of counsel’s reasons for the challenged conduct, we will assume a strategic motivation if any can be imagined. 
 Garcia v. State
, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001).  A full inquiry into the strategy or tactics of counsel should be made only if, from all appearances after trial, there is no plausible basis in strategy or tactics for counsel’s actions.  
See Johnson v. State
, 614 S.W.2d 148, 152 (Tex. Crim. App. [Panel Op.] 1981); 
Ex parte Burns
, 601 S.W.2d 370, 372 (Tex. Crim. App. 1980); 
Stenson v. State
, 695 S.W.2d 569, 571 (Tex. App.—Dallas 1984, no pet.).

The second prong of 
Strickland
 requires a showing that counsel’s errors were so serious that they deprived the defendant of a fair trial, i.e., a trial whose result is reliable.  
Strickland, 
466 U.S. at 687, 104 S. Ct. at 2064.  In other words, appellant must show there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.  
Id.
 at 694, 104 S. Ct. at 2068.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  
Id.
  The ultimate focus of our inquiry must be on the fundamental fairness of the proceeding whose result is being challenged.  
Id.
 at 697, 104 S. Ct. at 2070.

A reviewing court will rarely be in a position on direct appeal to fairly evaluate the merits of an ineffective assistance claim.  
Thompson
, 9 S.W.3d at 813-14.  “In the majority of cases, the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel’s actions.”  
Salinas
, 163 S.W.3d at 740 (quoting 
Mallett
, 65 S.W.3d at 63).
  
Often, ineffective assistance claims are better raised within the framework of a post-conviction writ of habeas corpus under article 11.07 of the code of criminal procedure.  
Tex. Code Crim. Proc. Ann. 
art. 11.07 (Vernon 2005); 
see Rylander v. State
, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003) (“[T]he record on direct appeal will generally ‘not be sufficient to show that counsel’s representation was so deficient as to meet the first part of the 
Strickland
 standard’ as ‘[t]he reasonableness of counsel’s choices often involves facts that do not appear in the appellate record.’”); 
see also Bone v. State
, 77 S.W.3d 828, 837 n.30 (Tex. Crim. App. 2002) (“This resolution in no way affects appellant’s entitlement to re-urge this or other appropriate constitutional complaints on a writ of habeas corpus.”).

Discussion

This case typifies the problems inherent in ineffective assistance claims presented on direct appeal from a conviction.  The record is generally silent as to trial counsel’s motive for the choices about which Appellant complains on appeal. 

In his first issue, Appellant argues that counsel was ineffective by (1) offering the CPS records, which contained inadmissible evidence of an extraneous offense, into evidence and (2) failing to request a limiting instruction with regard to the records generally and a reasonable doubt instruction
(footnote: 2) with regard to the extraneous offense.  Counsel articulated his reason for offering the evidence in his closing argument:  “Fred and I thought it was important for you to know how we got here today.”  Therefore, we cannot say that counsel’s decision to offer the records lacked a strategic basis.

With regard to counsel’s failure to request a limiting instruction or a reasonable doubt instruction with regard to the records, this case is similar to 
Ex parte Varelas
, 45 S.W.3d 627 (Tex. Crim. App. 2001).  In 
Varelas
, the defendant’s counsel failed to request a limiting instruction or a reasonable doubt instruction when the trial court admitted State-offered evidence of an extraneous offense.  
Id.
 at 631.  In response to the defendant’s claim of ineffective assistance on direct appeal, the court of criminal appeals stated,

[W]e have trouble understanding why trial counsel did not request a burden of proof or limiting instruction regarding these offenses.  However, the bare record does not reveal the nuances of trial strategy. Further, to hold trial counsel’s actions (or inaction) ineffective in the instant case would call for speculation and such speculation is beyond the purview of this Court.  Rather, because of the strong presumptions that trial counsel’s conduct falls within the wide range of reasonable professional assistance and that such conduct might be sound trial strategy, we must conclude, in light of an otherwise silent record, that appellant failed to meet his burden of showing that his trial counsel’s assistance was ineffective.

Id.
 at 632 (quoting 
Varelas v. State
, No. 72178, slip op. at 8 (Tex. Crim. App. March 4, 1997) (not designated for publication)).  Except for the fact that Appellant’s counsel, not the State, offered the evidence of the extraneous offense, this case is indistinguishable from 
Varela
s.
  
We therefore hold that Appellant has failed to meet his burden that his trial counsel’s assistance was ineffective, and we overrule his first issue.  
See id.; Gone v. State
, 54 S.W.3d 27, 33-34 (Tex. App.—Texarkana 2001, pet. ref’d).

In his second issue, Appellant argues his trial counsel was ineffective by failing to request a limiting instruction with regard to the evidence of Appellant’s drug use in the few days preceding the burglary and assault.  When arguing the admissibility of the evidence to the trial court, the prosecutor stated,

It cuts two ways, Judge, and that’s why [Appellant’s counsel] and I have been talking about it.  They may feel sympathetic towards him, that he wouldn’t do this otherwise if he wasn’t under the influence of drugs.  So the question is whether we should offer it or not. 

Appellant’s counsel agreed:  “I would agree with [the prosecutor] that the statement could . . . potentially cut both ways.”  Almost immediately after making that statement, counsel said, “If this Court is going to allow it, I would ask for a limiting instruction . . . that it’s being used for that limited specific purpose . . . to show his state of mind in the events at the time, not just in general he’s a drug user.”  As we noted above, the trial court said it would grant the request for such an instruction, and counsel said he would make the request when the State offered the evidence.

The record is silent as to why counsel ultimately decided not to make the request.  Once again, faced with the bare trial record, we are constrained to hold that Appellant failed to meet his burden of showing that his trial counsel’s assistance was ineffective.  
See Varelas
, 45 S.W.3d
 at 632; 
Gone
, 54 S.W.3d at 33-34.  We overrule Appellant’s second issue.

Conclusion

Having overruled both of Appellant’s issues, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: GARDNER, HOLMAN, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P
. 47.2(b)

DELIVERED:  August 31, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.

2:
A jury should be instructed that they are not to consider extraneous act evidence unless they believe beyond a reasonable doubt that the defendant committed that act. 
See Harrell v. State
, 884 S.W.2d 154, 157 (Tex. Crim. App. 1994).  “[I]f a defendant, during the guilt/innocence phase, asks for an instruction to the jury on the standard of proof required for admitting extraneous offenses, the defendant is entitled to that instruction.”
  Mitchell v. State
, 931 S.W.2d 950, 954 (Tex. Crim. App. 1996).