COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
 2-06-226-CR

 

 

FRED JAMES LALONE                                                          APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

             FROM
THE 78TH DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellant Fred James LaLone
appeals from his convictions for aggravated assault and burglary of a
habitation.  In two issues, Appellant
argues his trial counsel was ineffective because (1) he introduced evidence of
alleged extraneous offenses committed when Appellant was a juvenile without
requesting a limiting instruction or an instruction on reasonable doubt and (2)
he failed to request a limiting instruction when the State offered evidence of
Appellant=s drug use
prior to the events in question.  We
affirm.

                                            Background

On June 1, 2005, Appellant
forced his way into the home of his former girlfriend, chased her into a
bedroom, and held a knife to her throat. 
After overturning some furniture, Appellant fled the residence.  Police gave chase and, after a scuffle in
which Appellant=s finger was
broken, apprehended him. The police took Appellant to a hospital for treatment,
where he told a nurse he had been smoking crack cocaine for a few days prior to
the incident; the nurse recorded Appellant=s statement in his medical records. 








During the guilt/innocence
phase of trial, the trial court held a hearing on whether to admit the medical
records and Appellant=s statement
about smoking crack.  The trial court
ruled the evidence admissible as relevant to Appellant=s state of mind but said, AI=m going to
give a limiting instruction if [Appellant=s counsel] asks for it and would help me come up with the right kind
of instruction.@  Counsel said he would tell the court what
limiting instruction he wanted when the evidence was offered.  But when the officer who arrested Appellant
and took him to the hospital testified that Appellant said he had been smoking
crack for three days, counsel did not object or request a limiting instruction;
nor did counsel object or request a limiting instruction when the State later
offered the medical records.   

Also at guilt/innocence,
Appellant=s counsel
offered as evidence records from Child Protective Services of Gaston County,
North Carolina.  Among those records is
the description of a 1989 incident when Appellant assaulted a woman by holding
a butcher knife to her throat, for which he was adjudicated for the offense of
assault with a deadly weapon and placed on six months= probation.  The records also
contain other notes about Appellant=s violent and disruptive behavior. 
Counsel did not request a limiting instruction or a charge instruction
on reasonable doubt as to the 1989 extraneous offense.  In closing argument, counsel told the jury, AYeah, there=s some bad
things in there [the CPS records] because I wanted you to know -- Fred and I
thought it was important for you to know how we got here today.@  Counsel went on to discuss the
difficulties Appellant faced as a child.

The jury convicted Appellant
of aggravated assault and burglary of a habitation and assessed punishment of
fifty years= confinement
and a $10,000 fine for the assault and twenty-five years= confinement and a $10,000 fine for the burglary; the trial court
rendered judgment accordingly.  Appellant=s trial counsel filed a motion for new trial, but the motion did not
assert an ineffective assistance claim, and the trial court did not conduct a
hearing on the motion. 








                                       Standard
of Review

To establish ineffective
assistance of counsel, appellant must show by a preponderance of the evidence
that his counsel=s
representation fell below the standard of prevailing professional norms and
that there is a reasonable probability that, but for counsel=s deficiency, the result of the trial would have been different.  Strickland v. Washington, 466 U.S.
668, 687, 104 S. Ct. 2052, 2064 (1984); Salinas v. State, 163 S.W.3d
734, 740 (Tex. Crim. App. 2005); Mallett v. State, 65 S.W.3d 59, 62-63
(Tex. Crim. App. 2001); Thompson v. State, 9 S.W.3d 808, 812
(Tex. Crim. App. 1999).








When evaluating the
effectiveness of counsel under the first prong, we look to the totality of the
representation and the particular circumstances of each case.  Thompson, 9 S.W.3d at 813.  The issue is whether counsel=s assistance was reasonable under all the circumstances and prevailing
professional norms at the time of the alleged error.  See Strickland, 466 U.S. at 688-89,
104 S. Ct. at 2065.  Review of counsel=s representation is highly deferential, and the reviewing court
indulges a strong presumption that counsel=s conduct fell within a wide range of reasonable representation.  Salinas, 163 S.W.3d at 740; Mallett,
65 S.W.3d at 63.  To overcome the
presumption of reasonable professional assistance, Aany allegation of ineffectiveness must be firmly founded in the
record, and the record must affirmatively demonstrate the alleged ineffectiveness.@  Id. (quoting Thompson,
9 S.W.3d at 813).  In the absence of
direct evidence of counsel=s reasons for the challenged conduct, we will assume a strategic
motivation if any can be imagined.  Garcia v. State, 57 S.W.3d 436, 440 (Tex.
Crim. App. 2001).  A full inquiry into
the strategy or tactics of counsel should be made only if, from all appearances
after trial, there is no plausible basis in strategy or tactics for counsel=s actions.  See Johnson v.
State, 614 S.W.2d 148, 152 (Tex. Crim. App. [Panel Op.] 1981); Ex parte
Burns, 601 S.W.2d 370, 372 (Tex. Crim. App. 1980); Stenson v. State,
695 S.W.2d 569, 571 (Tex. App.CDallas 1984, no pet.).

The second prong of Strickland
requires a showing that counsel=s errors were so serious that they deprived the defendant of a fair
trial, i.e., a trial whose result is reliable.  Strickland, 466 U.S. at 687, 104 S. Ct.
at 2064.  In other words, appellant must
show there is a reasonable probability that, but for counsel=s unprofessional errors, the result of the proceeding would have been
different.  Id. at 694, 104 S. Ct.
at 2068.  A reasonable probability is a
probability sufficient to undermine confidence in the outcome.  Id. 
The ultimate focus of our inquiry must be on the fundamental fairness of
the proceeding whose result is being challenged.  Id. at 697, 104 S. Ct. at 2070.








A reviewing court will rarely
be in a position on direct appeal to fairly evaluate the merits of an
ineffective assistance claim.  Thompson,
9 S.W.3d at 813-14.  AIn the majority of cases, the record on direct appeal is undeveloped
and cannot adequately reflect the motives behind trial counsel=s actions.@  Salinas, 163 S.W.3d at 740 (quoting Mallett,
65 S.W.3d at 63).  Often, ineffective
assistance claims are better raised within the framework of a post-conviction
writ of habeas corpus under article 11.07 of the code of criminal
procedure.  Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon 2005); see
Rylander v. State, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003) (A[T]he record on
direct appeal will generally >not be sufficient
to show that counsel=s representation was so deficient as to
meet the first part of the Strickland standard= as >[t]he
reasonableness of counsel=s choices often involves facts that do not
appear in the appellate record.=@); see also
Bone v. State, 77 S.W.3d 828, 837 n.30 (Tex. Crim. App. 2002) (AThis resolution in
no way affects appellant=s entitlement to re-urge this or other
appropriate constitutional complaints on a writ of habeas corpus.@).

                                             Discussion








This case typifies the
problems inherent in ineffective assistance claims presented on direct appeal
from a conviction.  The record is
generally silent as to trial counsel=s motive for the choices about which Appellant complains on appeal. 

In his first issue, Appellant
argues that counsel was ineffective by (1) offering the CPS records, which
contained inadmissible evidence of an extraneous offense, into evidence and (2)
failing to request a limiting instruction with regard to the records generally
and a reasonable doubt instruction[2]
with regard to the extraneous offense. 
Counsel articulated his reason for offering the evidence in his closing
argument:  AFred and I thought it was important for you to know how we got here
today.@  Therefore, we cannot say that
counsel=s decision to offer the records lacked a strategic basis.








With regard to counsel=s failure to request a limiting instruction or a reasonable doubt
instruction with regard to the records, this case is similar to Ex parte
Varelas, 45 S.W.3d 627 (Tex. Crim. App. 2001).  In Varelas, the defendant=s counsel failed to request a limiting instruction or a reasonable
doubt instruction when the trial court admitted State-offered evidence of an
extraneous offense.  Id. at
631.  In response to the defendant=s claim of ineffective assistance on direct appeal, the court of
criminal appeals stated,

[W]e have trouble understanding
why trial counsel did not request a burden of proof or limiting instruction
regarding these offenses.  However, the
bare record does not reveal the nuances of trial strategy. Further, to hold
trial counsel=s actions
(or inaction) ineffective in the instant case would call for speculation and
such speculation is beyond the purview of this Court.  Rather, because of the strong presumptions
that trial counsel=s conduct
falls within the wide range of reasonable professional assistance and that such
conduct might be sound trial strategy, we must conclude, in light of an
otherwise silent record, that appellant failed to meet his burden of showing
that his trial counsel=s assistance
was ineffective.

Id. at
632 (quoting Varelas v. State, No. 72178, slip op. at 8 (Tex. Crim. App.
March 4, 1997) (not designated for publication)).  Except for the fact that Appellant=s counsel, not the State, offered the evidence of the extraneous
offense, this case is indistinguishable from Varelas.  We therefore hold that Appellant has
failed to meet his burden that his trial counsel=s assistance was ineffective, and we overrule his first issue.  See id.; Gone v. State, 54 S.W.3d 27,
33-34 (Tex. App.CTexarkana
2001, pet. ref=d).








In his second issue,
Appellant argues his trial counsel was ineffective by failing to request a
limiting instruction with regard to the evidence of Appellant=s drug use in the few days preceding the burglary and assault.  When arguing the admissibility of the
evidence to the trial court, the prosecutor stated,

It
cuts two ways, Judge, and that=s why [Appellant=s
counsel] and I have been talking about it. 
They may feel sympathetic towards him, that he wouldn=t do
this otherwise if he wasn=t
under the influence of drugs.  So the
question is whether we should offer it or not. 

 

Appellant=s counsel agreed:  AI would agree with [the prosecutor] that the statement could . . .
potentially cut both ways.@  Almost immediately after making
that statement, counsel said, AIf this Court is going to allow it, I would ask for a limiting
instruction . . . that it=s being used
for that limited specific purpose . . . to show his state of mind in the events
at the time, not just in general he=s a drug user.@  As we noted above, the trial court said it
would grant the request for such an instruction, and counsel said he would make
the request when the State offered the evidence.

The record is silent as to
why counsel ultimately decided not to make the request.  Once again, faced with the bare trial record,
we are constrained to hold that Appellant failed to meet his burden of showing
that his trial counsel=s assistance
was ineffective.  See Varelas, 45
S.W.3d at 632; Gone, 54 S.W.3d at 33-34. 
We overrule Appellant=s second issue.








                                             Conclusion

Having overruled both of
Appellant=s issues, we
affirm the trial court=s judgment.

PER CURIAM

 

PANEL F:    GARDNER, HOLMAN, and WALKER, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  August 31, 2007

 











[1]See Tex. R. App. P. 47.4.





[2]A
jury should be instructed that they are not to consider extraneous act evidence
unless they believe beyond a reasonable doubt that the defendant committed that
act. See Harrell v. State, 884 S.W.2d 154, 157 (Tex. Crim. App.
1994).  A[I]f
a defendant, during the guilt/innocence phase, asks for an instruction to the
jury on the standard of proof required for admitting extraneous offenses, the
defendant is entitled to that instruction.@  Mitchell v. State, 931
S.W.2d 950, 954 (Tex. Crim. App. 1996).