Cecil Lonzo WRIGHT, Appellant,

v.

The STATE of Texas, Appellee.

No. 05-84-00892-CR.

Court of Appeals of Texas,
Dallas.

June 10, 1985.

Bruce Anton, Dallas, for appellant.

Henry Wade, Crim. Dist. Atty., Gilbert P. Howard, Asst. Dist. Atty., Dallas, for appellee.

Before STEPHENS, VANCE and HOWELL, JJ.

STEPHENS, Justice.

Cecil Lonzo Wright appeals his conviction for indecency with a child. Punishment is ten years imprisonment. In his sole ground of error, appellant contends that the indictment is fundamentally defective. We agree. Consequently, we reverse.

The indictment in pertinent part provides:

> [Appellant did] knowingly and intentionally engage in sexual contact with E___ L___ W___ hereinafter called complainant, a child then younger than 17 years and not then the spouse of the defendant, by contact between the sexual organ of defendant and the buttocks of complainant, with the intent to arouse and gratify the sexual desire of the defendant, ...

On appeal, appellant contends that since the indictment refers to the victim's *buttocks* and not his *anus*, it fails to allege a crime under Sec. 21.11 Tex.Penal Code Ann. (Vernon 1981). That section provides:

> A person commits an offense if, with a child younger than 17 years and not his spouse, whether the child is of the same or opposite sex, he:
>
> (1) engages in sexual contact with the child; or ...

The Code also provides a statutory definition of "sexual contact". Sec. 21.01 provides in part:

> "Sexual contact" means any *touching of the anus,* breast, or any part of the genitals of another person with intent to

arouse or gratify the sexual desire of any person.

Nowhere does the Code criminalize the touching of the buttocks. Instead, the touching of the "anus" is specified. We cannot accept the State's contention that the two words are analogous. The practice commentary to Section 21.01 notes:

"Anus," on the other hand, is a new term, and is intended in its strict anatomical sense—the posterior opening of the alimentary canal—thus excluding the buttocks. See Stedman's Medical Dictionary 124 (unabr. lawyers' ed., 1961). [Emphasis Added]

Since the indictment fails to properly allege the offense we have no alternative but to reverse. *Franklin v. State*, 607 S.W.2d 574 (Tex.Crim.App.1980).

The judgment is reversed.