**Mickey Frank PRYOR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–85–01214–CR.**

Court of Appeals of Texas, Dallas.

Sept. 19, 1986.

J. Thomas Sullivan, Director, Maryann Wymore, Student Atty., SMU Appellate Clinic, Dallas, for appellant.

Gary A. Moore, Dallas, for appellee.

Before HOWELL, McCLUNG and HOLLINGSWORTH, JJ.

McCLUNG, Justice.

Appellant was charged with indecency with a child. After finding appellant guilty, the jury assessed punishment, enhanced, at thirty years' confinement plus a $5,000 fine. Here, appellant brings grounds of error concerning the sufficiency of the evidence, the exclusion of evidence, the right to speedy trial, prosecutorial misconduct, and ineffective assistance of counsel. We find no merit in any of appellant's contentions. Accordingly, we affirm the trial court's judgment.

### Sufficiency of the Evidence

One commits indecency with a child if he engages in sexual contact with a child under the age of seventeen. TEX.PENAL CODE ANN. § 21.11(a)(1) (Vernon Supp. 1986). Sexual contact means any touching of the anus, breast, or any part of the genitals of another person with the intent to arouse or gratify the sexual desire of any person. TEX.PENAL CODE ANN. § 21.01(2) (Vernon Supp.1986). The indictment specifically charged appellant with touching complainant's anus. "Anus," as used in section 21.01, is intended in the strict anatomical sense—the posterior opening of the alimentary canal—thus excluding the buttocks. *Wright v. State,* 693 S.W.2d 734, 735 (Tex.App.—Dallas 1985, pet. ref'd); TEX.PENAL CODE ANN. § 21.01 (Vernon Supp.1986) (practice commentary). Consequently, the State was required to prove beyond a reasonable doubt that appellant touched complainant's anus, not just the surrounding area. *See Franklin v. State,* 659 S.W.2d 831, 834 (Tex.Crim. App.1983). Appellant contends that the State failed to prove the actual touching of complainant's anus. We disagree.

The standard for reviewing the sufficiency of the evidence for conviction is wheth-

er, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Dickey v. State,* 693 S.W.2d 386, 387 (Tex.Crim.App.1984). Viewed in the light most favorable to the prosecution, the evidence shows that around midnight of September 3, 1984, appellant entered the bedroom where the then six-year-old complainant was lying on her side on a mattress on the floor. Appellant took off his underwear and laid down behind complainant. He then pulled up complainant's gown and pulled down her underwear. Complainant testified that appellant put his "ding-a-ling ... where you use the bathroom behind." While testifying, complainant also demonstrated what had occurred with anatomically correct dolls. The next day, complainant told her mother that appellant had "pooh–pooh'd" her. Complainant's mother testified that when complainant says "ding-a-ling," she means penis. Complainant's mother, however, did not know the meaning of the word "anus."

Texas law recognizes that a child may lack the technical knowledge to accurately describe parts of his or her body. When, however, the child sufficiently communicates to the trier of fact that the contact occurred with respect to a part of the body within the definition of section 21.01, the evidence will be sufficient to support a conviction, regardless of the unsophisticated language used by the child. *Clark v. State,* 558 S.W.2d 887, 889 (Tex.Crim. App.1977); *Cummings v. State,* 651 S.W.2d 14, 17 (Tex.App.—Amarillo 1983, no pet.); *Lujan v. State,* 626 S.W.2d 854, 859 (Tex.App.—San Antonio 1982, pet. ref'd). We conclude that the phrase "where you use the bathroom behind" was sufficient to communicate to the jury that appellant had touched complainant's anus, especially in light of her demonstration before the jury with the anatomically correct dolls. Accordingly, we hold that the evidence was sufficient to support the conviction.

*Exclusion of the Evidence*

Appellant contends that the trial court erred in excluding from evidence a written statement made by complainant's mother, Squires, to an investigating officer on the day following the sexual contact. We disagree.

Defense counsel first attempted to admit the statement into evidence when the investigating officer was on the stand. The trial court excluded the statement on the ground that the investigating officer was not the proper party through whom to introduce the statement. Defense counsel then recalled Squires, and the following exchange occurred:

[DEFENSE COUNSEL]: Miss Squires, I'm going to hand you what's been marked for identification as Defendant's Exhibit No. 1, and ask you if you can identify that piece of paper?

[SQUIRES]: Yes.

Q. Is that a statement which you gave to Officer Eric Fegraeus of the Garland Police Department?

A. Yes.

Q. And was that statement given on September the 4th, 1984:

A. Yes.

The trial court then excluded the proffered statement on the State's objection that it was irrelevant and that no proper predicate had been laid.

Although appellant has failed to include a copy of the statement in our record, he argues that the statement of facts from his first trial, which ended in a mistrial, establishes that the statement was a prior inconsistent statement admissible to impeach Squires. The statement of facts from appellant's first trial has been included in our record. We need not decide here whether a statement of facts from a previous trial is the proper method to establish the contents of the statement and preserve error, because we conclude that appellant failed to establish a proper predicate for admission of the statement into evidence.

The proper predicate for impeachment by a prior inconsistent statement requires that the witness first be asked if he made the contradictory statement. It can then be proved by introduction of proof of the inconsistent statement. However, if the witness admits making the prior statement, proof of the statement is not admissible. *Haynes v. State,* 627 S.W.2d 710, 712 (Tex.Crim.App.1982); *Miller v. State,* 666 S.W.2d 269, 274 (Tex.App.—Dallas 1984, pet. ref'd). Here, the witness admitted making the statement, and therefore, it was not admissible.

Appellant also argues that the statement was admissible under the *Gaskin* rule. *See Gaskin v. State,* 172 Tex.Cr.R. 7, 353 S.W.2d 467 (App.1962). The *Gaskin* rule, however, is not a rule governing the admission of evidence, but a rule of discovery allowing a defendant access to prior statements of State's witnesses. *See Id.* 353 S.W.2d at 469. Appellant is still required to lay the proper predicate before a prior inconsistent statement discovered under the *Gaskin* rule may be admitted into evidence.

### *Speedy Trial*

Appellant was arrested on September 4, 1984, and the first trial began on April 15, 1985, 222 days later. The record shows, however, that appellant agreed to continuances totaling 129 days, a period excludable under the Act. TEX.CRIM. PROC.CODE ANN. art. 32A.02, § 4(3). At the time of trial, only 93 of the 120 days allowed under the Act had passed. On April 18, 1985, however, the trial begun on the 15th ended in a mistrial caused by a hung jury. The trial court had legal justification for denying the motion for speedy trial. Further, article 32A.02 of the Code of Criminal Procedure specifically provides that a criminal action commences on the date of the mistrial. TEX.CRIM.PROC. CODE ANN. art. 32A.02, § 2(b) (Vernon Supp.1986). Appellant could only suggest error under the Speedy Trial Act as to the second trial, which began on August 12, 1985, because once a mistrial occurs, the retrial is the relevant action for purposes of the Act. *See Draper v. State,* 681 S.W.2d 175, 178 (Tex.App.—Houston [14th Dist.] 1984, pet. ref'd). Appellant did not move for discharge in the second trial and therefore waived any alleged statutory speedy trial rights by the specific provision of section 3 of article 32A.02. Even if appellant had moved for discharge, the trial court would have properly denied the motion because the second trial began less than 120 days following the mistrial.

### *Prosecutorial Misconduct*

Appellant contends that the trial court erred in failing to grant a new trial because of prosecutorial misconduct. We hold that, assuming that prosecutorial misconduct occurred, appellant has failed to show harm.

In his motion for new trial, appellant alleged that the investigator employed by the prosecutor's office gave the complainant a present after she had testified in the first trial. At the hearing on his motion, appellant introduced into evidence a letter written by Squires to the trial judge alleging that the investigator had given complainant a china doll. The investigator and the prosecuting attorney admitted that the doll, which they described as a small, crystal Christmas ornament, had been given to complainant after her testimony in the first trial. However, appellant did not call Squires or complainant to testify, nor did he present any evidence showing that the gift influenced or was intended to influence complainant's testimony in the second trial. To the contrary, the investigator testified that she did not buy the doll intending to give it to complainant, that she had allowed complainant to play with the doll to keep her occupied after her testimony in the first trial, that at that time she believed complainant's testimony was over, and that she had given the doll as a gesture of friendship and not to influence complainant's testimony. Furthermore, complainant's testimony in the second trial was consistent with her testimony in the first trial. We hold that appellant has failed to show

he was harmed by the actions of the prosecutor's office and that, consequently, the trial court did not abuse its discretion in refusing to grant appellant a new trial.

### Ineffective Assistance of Counsel

Appellant contends that he was denied effective assistance of counsel. We find no merit in this contention.

■■■ To successfully advance an ineffective assistance claim, appellant must meet a two-pronged test:

[He] must first show that counsel's performance was deficient, i.e., that his assistance was not "reasonably effective." Second, and assuming the defendant has first shown ineffective assistance, the defendant must affirmatively show prejudice. That is, the defendant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*Ingham v. State,* 679 S.W.2d 503, 508–09 (Tex.Crim.App.1984) (citing *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984)). The adequacy of counsel's service on behalf of an accused must be gauged by the totality of the representation. *Ex parte Raborn,* 658 S.W.2d 602, 605 (Tex.Crim.App.1983). Thus, the constitutional right to effective counsel does not mean errorless counsel. *Jackson v. State,* No. 115–84 (Tex.Crim. App. July 24, 1985) (not yet reported); *Ex parte Robinson,* 639 S.W.2d 953, 954 (Tex. Crim.App.1982). In assessing counsel's performance, every effort must be made to eliminate the distorting effects of hindsight. *Saylor v. State,* 660 S.W.2d 822, 824 (Tex.Crim.App.1983). The appellant must overcome the presumption that under the circumstances the challenged action "might be considered sound trial strategy." *Strickland,* 104 S.Ct. at 2065–66; *Stenson v. State,* 695 S.W.2d 569, 571 (Tex.App.—Dallas 1984, no pet.).

■■■ Appellant, in order to support this claim of ineffective assistance, compares counsel's performance in the first trial with his performance in the second trial. We conclude that this is not a proper method to establish ineffective assistance. Ineffectiveness is not to be determined by hindsighted comparison with how other counsel might have tried the case. *Boles v. State,* 598 S.W.2d 274, 279 (Tex.Crim.App. 1980). Similarly, we believe that ineffectiveness should not be determined by hindsighted comparison with how the same counsel tried the case in a previous trial. Each trial, even a retrial, is unique: witnesses testify differently, the jury is different, and as in this case, even the judge may not be the same. Therefore, each trial offers unique challenges and requires unique strategies by trial counsel. We cannot say that counsel was ineffective because he performed differently in a subsequent trial that ended in appellant's conviction. To do so would be to invite claims of ineffective assistance in every retrial. Nor can we say that when counsel is less effective in a subsequent trial that his assistance is necessarily ineffective. Each representation must be judged on its own merits under the circumstances in which it occurs. Accordingly, we will evaluate counsel's performance by the totality of his representation in the second trial only.

■■■ Appellant complains of counsel's failure to call as a witness the doctor who examined complainant following the sexual contact. Counsel and the State, however, stipulated into evidence the doctor's report indicating that there had been no penetration of complainant's anus. At the hearing on appellant's motion for new trial, counsel testified that the doctor was unavailable the day of trial and that he did not move for a continuance because the only purpose in having the doctor testify was to get the doctor's report into evidence, which was accomplished. He also testified that he feared that if the doctor testified, he might admit on cross-examination that the report did not rule out the possibility of sexual contact, thereby mitigating the information in the medical report that there had been no penetration. We hold that counsel's decision not to call the doctor was acceptable trial strategy.

**634**

Appellant next complains of counsel's failure to cross-examine the seven-year-old complainant. Counsel testified at the hearing on appellant's motion for new trial that he interviewed the jurors after the mistrial in the first trial. It was the first jury's opinion that counsel had made a wise choice not to cross-examine complainant in the first trial and that if counsel had embarrassed, demeaned, or severely cross-examined complainant, they would have held it against appellant. The prosecutor testified that in her experience in the prosecution of sex crimes involving children, she had found that on numerous occasions competent defense lawyers do not cross-examine child complainants because they fear the inadvertent introduction of damaging evidence and the possible adverse effect upon the jury. We hold that counsel's decision not to cross-examine complainant was acceptable trial strategy.

Appellant also complains of counsel's failure to get into evidence Squires' inconsistent statement, and he further complains about counsel's failure, once the court refused to admit the statement, to make an offer of proof or bill of exceptions so that we could fully review the trial court's action. Appellant, however, failed to offer the statement into evidence at his new trial hearing. Without the statement in our record, we cannot determine whether the result of the proceeding would have been different but for counsel's error. Consequently, appellant has failed to meet the second prong required by *Strickland.*

Finally, appellant complains that counsel failed to adequately cross-examine Squires concerning her possible motivation to influence the complainant to testify falsely. We note first that the State, in its direct examination of the witness, established that immediately before complainant's outcry, Squires was mad at appellant and had said "some bad things about him" to complainant. We also note that counsel established, through the testimony of appellant's mother, that a few months before the sexual contact, appellant and Squires, who had been living together, had a "fall-ing out," and that Squires was asked to move out. After she had moved, Squires returned to pick up her belongings and became very angry when she found that they had been put in the garage. At that time she made threats to appellant.

We can say in hindsight that it may have been better practice if counsel had gone into Squires' possible motivations to influence her daughter to testify falsely when cross-examining Squires, rather than relying solely on the testimony of appellant's mother. It may also have been better practice to have established in more detail the threats Squires made concerning appellant. Counsel did, however, establish that Squires had made threats against appellant. Also, the State preempted some of the damaging evidence counsel could have brought out on cross-examination of Squires by eliciting that testimony on direct examination. Moreover, counsel attacked the credibility of the witness in other ways during cross-examination. In light of the above, and in light of counsel's performance as a whole, we cannot say that appellant was denied assistance of counsel that was "reasonably effective."

We overrule all of appellant's grounds of error and affirm the trial court's judgment.