Opinion issued October 23, 2008













     




In The
Court of Appeals
For The
First District of Texas




NO. 01-07-01117-CR




STEVIE LYNN JOHNSON, Appellant

v.

THE STATE OF TEXAS, Appellee




On Appeal from the 176th District Court
Harris County, Texas
Trial Court Cause No. 1099764




MEMORANDUM OPINION

          Appellant, Stevie Lynn Johnson, was charged by indictment with the first-degree felony offense of aggregate theft of two-hundred-thousand dollars or more. 
See Tex. Penal Code Ann. § 31.03(e)(7) (Vernon Supp. 2008). Appellant pleaded
guilty, without an agreement with the State regarding punishment, and filed a motion
for community supervision. The trial court assessed punishment at 40 years’
confinement.
          In what we construe as two issues, appellant contends (1) that he received
ineffective assistance of counsel, which rendered his plea involuntary, and (2) that
“[t]he State engaged in prosecutorial misconduct by failing to disclose information
to trial counsel regarding the prosecutor’s personal experiences with the trial court
and acceptance of pleas.” (Emphasis omitted.) 
          We affirm.
Background
          Only those facts pertinent to the disposition of this appeal are stated. 
Appellant, who was employed as an escrow officer for Chicago Title, used his
position to transact various mortgage schemes and to misappropriate for his own use
$200,000 or more


 in funds from approximately 440 complainants.
 
          Appellant’s trial counsel, Juanita Barner, whose representation is the subject
of this appeal, successfully petitioned the trial court for a reduction in appellant’s
bond—from $3.5 million to $300,000. Counsel reviewed the State’s files several
times, including one time with appellant, and attempted to negotiate a plea agreement
with the State. The State refused to offer community supervision, but offered various
terms of confinement.
          After reviewing the evidence, researching similar cases, and negotiating with
the State, counsel discussed several options with appellant. Based on the nature of
the case and the quantity of documentary evidence against him, counsel
recommended that appellant either accept the State’s offer or request that the trial
court assess punishment. Counsel explained to appellant that an assessment of
community supervision was possible, but could not be guaranteed.
          Ultimately, appellant pleaded guilty without an agreed recommendation and
offered proof to the trial court that he could pay over $380,000 in restitution. The
trial court assessed punishment at 40 years’ confinement. 
          Subsequently, appellant moved for a new trial, alleging that his plea was
involuntary because it was the product of ineffective assistance of counsel and
prosecutorial misconduct. Appellant contended that his counsel was ineffective
because she had advised him that “there was a possibility of his receiving probation
in the trial court,” but that she had failed to investigate “the trial court’s recent history
concerning its feelings toward probation.” Specifically, appellant asserted that, after
punishment was assessed, counsel received telephone calls from local defense
attorneys who expressed the opinion that the 176th District Court is reluctant to grant
community supervision in theft cases. Appellant complained that, had his counsel
properly investigated, she would have discovered that “rarely, if at all, did this Court
ever grant probation to a person charged with theft and that [appellant] would be best
advised to accept the State’s 10 year offer.”
          In addition, appellant contended that the prosecutor committed misconduct
because she misled counsel during plea negotiations by omitting that she had
personally witnessed a refusal by the 176th District Court to consider community
supervision in another theft case. 
          To his motion, appellant appended the affidavit of his counsel; his own
affidavit and that of his wife, Erika Johnson; that of Arnold S. Cohn, an expert on
mortgage fraud involving title company escrow services; and the affidavits of six
attorneys, four of whom attested that it was their opinion that seeking community
supervision in the 176th District Court in a case involving theft of over $200,000
could not be considered reasonable trial strategy. 
 
          After a hearing, appellant’s motion for new trial was denied. This appeal
ensued.  
Ineffective Assistance of Counsel
          In his first issue, appellant contends that his counsel was ineffective because
she failed to investigate the history of the trial court concerning the probability that
community supervision would be granted and that such failure rendered his plea
involuntary because it was predicated on advice that there was a reasonable
probability of receiving community supervision. Appellant asserts that, had his
counsel interviewed more experienced attorneys or discussed the case with anyone
“who actually practiced in the 176th Judicial District Court,” she would have learned
that it was unlikely that appellant would be granted community supervision. 
Appellant asserts that his outcome would have been different because he would have
accepted the State’s plea bargain. Appellant further contends that counsel failed to
learn that the prosecutor had previously observed the 176th District Court decline to
assess community supervision in a theft case, even though restitution was offered.
A.      Standard of Review  
          An involuntary guilty plea must be set aside. Fimberg v. State, 922 S.W.2d
205, 207 (Tex. App.—Houston [1st Dist.] 1996, pet. ref’d). A plea is not voluntary
if made as a result of ineffective assistance of counsel. Id. When a defendant
challenges the voluntariness of a plea entered upon the advice of counsel, contending
that his counsel was ineffective, the voluntariness of the plea depends on (1) whether
counsel’s advice was within the range of competence demanded of attorneys in
criminal cases and, if not, (2) whether there is a reasonable probability that, but for
counsel’s errors, the defendant would not have pled guilty and would have insisted
on going to trial. Ex parte Moody, 991 S.W.2d 856, 857–58 (Tex. Crim. App. 1999)
(applying Strickland v. Washington, 466 U.S. 668, 694, 104 S. Ct. 2052, 2068
(1984)); Arreola v. State, 207 S.W.3d 387, 391 (Tex. App.—Houston [1st Dist.]
2006, no pet.); see Hernandez v. State, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999)
(stating that Strickland should be considered “controlling authority for all ineffective
assistance of counsel claims”).
          First, appellant must overcome the presumption of reasonable professional
assistance, and “any allegation of ineffectiveness must be firmly founded in the
record.” Salinas v. State, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005). The failure
to advise a defendant about the consequences of a plea can constitute ineffective
assistance. See Arreola, 207 S.W.3d at 392. However, a defendant’s claim that “he
was misinformed by counsel, standing alone, is not enough for us to hold his plea was
involuntary.” Fimberg, 922 S.W.2d at 208. Appellant must prove by a preponderance
of the evidence that his counsel’s representation fell below professional standards. 
Mitchell v. State, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002). 
          Further, appellant must show that the deficient performance prejudiced his
defense. Id. That is, that there is a reasonable probability that, but for his counsel’s
unprofessional errors, the result of the proceeding would have been different. Id. A
reasonable probability is one sufficient to undermine confidence in the outcome. Id. 
Under Moody, appellant must show that there is a reasonable probability that, but for
counsel’s errors, he would not have pleaded guilty, but would have insisted on going
to trial. See Moody, 991 S.W.2d at 857–58. 
B.      Analysis
          First, appellant’s burden is to demonstrate that his counsel’s advice was not
within the range of competence demanded of attorneys in criminal cases. See Moody,
991 S.W.2d at 857–58. 
          Appellant contends that his counsel was ineffective because she failed to talk
to more experienced attorneys and “failed to talk to anyone who had practiced in the
176th District Court.” By affidavit attached to appellant’s motion for new trial, which
was admitted as evidence at the hearing on the motion, and through her testimony at
the hearing, appellant’s counsel attested that she is an experienced attorney—having
represented clients in “well over 700 or more cases” and in at least 25 PSI hearings
in the Harris County area. Contrary to appellant’s assertion, counsel attested in her
affidavit that she has handled at least 10 cases in the 176th District Court, although
she had never before “presented a PSI hearing” in that court. Counsel also attested
that she discussed punishment possibilities in this case with more experienced
defense attorneys and that the consensus was that mortgage fraud cases were “a fairly
new occurrence in Harris County” and that “it was difficult to predict the possible
outcome.” Further, counsel attested that she attempted to gain information from the
prosecutor concerning the 176th District Court. Hence, the record does not support
appellant’s contention.
          Appellant directs us to certain affidavits that he appended to his motion for new
trial in which four attorneys expressed an opinion that seeking community
supervision in the 176th District Court in a case involving theft of over $200,000
could not be considered reasonable trial strategy. Ineffectiveness is not to be
determined, however, by hindsight comparison with how other counsel might have
handled the case. Pryor v. State, 719 S.W.2d 628, 633 (Tex. App.—Dallas 1986, pet.
ref’d). That a particular strategy fails to yield what might subjectively be determined
to be the optimum outcome for a particular defendant does not render counsel
ineffective. Strickland, 466 U.S. at 690, 104 S. Ct. at 2066.
          Appellant next contends that counsel failed to “investigate the trial court” and
that he was “blindly advised” to plead guilty without an agreed recommendation. An
attorney representing a criminal defendant has a duty to make reasonable
investigations. Strickland, 466 U.S. at 691, 104 S. Ct. at 2066. Appellant does not
direct us to any authority, however, and we find none, that suggests that a “failure to
investigate the trial court” is an appropriate basis for an ineffective assistance of
counsel claim. Each trial is unique and the manner in which the trial court exercises
its discretion will vary with the facts and circumstances of each case. See Pryor, 719
S.W.2d at 633. Moreover, here, the record does not support appellant’s contention
that “rarely, if at all, did [the trial court] ever grant probation to a person charged with
theft.” Linda Colgate, a liaison officer for the 176th District Court, testified that the
176th District Court granted community supervision in 38 cases, 14 of which
involved theft, during the period from August to November 2007.
          Nothing in the record suggests that counsel made any promises concerning the
likelihood that appellant would receive community supervision upon pleading guilty. 
Counsel attested in detail in her affidavit and testified at the hearing concerning her
extensive review of the files—some 60 boxes—in this case. Counsel testified at the
hearing that she discussed appellant’s case with four other attorneys, all of whom
advised her that it would be “hard to imagine turning down the possibility of a client
actually being able to make restitution.” Here, appellant was able to demonstrate to
the trial court an ability to make $380,000 in restitution. Counsel testified concerning
the plea negotiations she undertook with the State on appellant’s behalf. Counsel also
stated that she had had “at least two conversations at two separate times” with the
prosecutor concerning the likelihood of receiving community supervision in this case
and that she formed the impression that the prosecutor had not had a previous
experience in that regard. 
          Appellant further complains that counsel failed to discover that the prosecutor
had observed, in another case, a refusal by the trial court to grant community
supervision. Appellant does not direct us to any authority, however, and we find
none, that such contention is an appropriate basis for an ineffective assistance of
counsel claim. Moreover, appellant complains in his second issue that the prosecutor
in this case committed misconduct for having failed to disclose such information
during plea negotiations. 
          Counsel explained to appellant that the State would not offer community
supervision in this case and that the trial court could assess community supervision,
but that there was no guarantee. Counsel also testified that she informed appellant
that a similarly situated defendant had received 25 years’ confinement in the 176th
District Court. Counsel attested that appellant “made it very clear that he would not
agree to prison time” and that he wished to “try for probation.” Appellant attested in
his own affidavit that counsel advised him that “the State would not offer []
probation” and that counsel “never promised [] probation.” 
          Furthermore, the record reflects that appellant’s plea was voluntary and that the
trial court considered community supervision. The record shows that appellant
signed under oath a waiver of constitutional rights, agreement to stipulate, and
judicial confession. A defendant’s receipt of statutory admonishments constitutes a
prima facie showing of the plea’s voluntariness. See Cantu v. State, 988 S.W.2d 481,
484 (Tex. App.—Houston [1st Dist.] 1999, pet. ref’d). When a defendant attests to
the voluntary nature of his plea at the original plea hearing, a heavy burden is placed
on him if he later argues that the plea was involuntary. Id. 
          The record of the plea hearing shows that the trial court established that
appellant understood that the court could consider the entire range of punishment for
the offense, which was confinement for 5 to 99 years, or life, plus a fine not to exceed
$10,000, and that there was not an agreed recommendation in this case. The trial court
explained that a pre-sentence investigation would be conducted regarding community
supervision. The court asked appellant if he had been promised or guaranteed any
particular sentence in this case, and appellant replied that he had not. 
           We conclude that appellant has not shown that his trial counsel’s advice was
not within the range of competence demanded of attorneys in criminal cases and that 
appellant has not overcome the presumption of reasonable professional assistance.
See Moody, 991 S.W.2d at 857; Salinas, 163 S.W.3d at 740. Therefore, we conclude
that appellant has failed to rebut the presumption that his guilty plea was voluntary. 
          Accordingly, we overrule appellant’s first issue. 
Prosecutorial Misconduct
          In his second issue, appellant contends that the prosecutor engaged in
misconduct by failing to disclose information to appellant’s counsel regarding the
prosecutor’s own prior personal experiences in the 176th District Court. 
          The record shows that the prosecutor testified at the hearing on the motion for
new trial that she had, two years prior, participated in a case before the 176th District
Court in which the court declined to accept the State’s recommendation of deferred
adjudication in a state jail felony theft. The prosecutor testified that she dismissed the
felony charge against the defendant, re-filed the case as a misdemeanor, and then pled
the defendant to two years deferred in the misdemeanor court. The prosecutor
testified that she had not conveyed this information to appellant’s counsel during plea
negotiations, but that she did not “ever make it a habit of conveying plea negotiations
in other cases to defense counsel” because she would “be here all day if [she] did
that.” 
          Appellant contends that the prosecutor deliberately misled his counsel to 
induce her to advise appellant to plead guilty, citing Texas Code of Criminal
Procedure article 2.01. See Tex. Code Crim. Proc. Ann. art. 2.01 (Vernon 2005)
(providing, in part, “It shall be the primary duty of all prosecuting attorneys,
including any special prosecutors, not to convict, but to see that justice is done. They
shall not suppress facts or secrete witnesses capable of establishing the innocence of
the accused.”) The testimony that appellant directs us to concerning another case,
however, does not constitute “suppress[ed] facts or witnesses capable of establishing
the innocence of the accused.” See id. 
          Appellant also argues that American Bar Association Standard 14-3.1(f)
requires that the “prosecuting attorney should not knowingly make false statements
or representations as to law or fact in the course of plea discussions with defense
counsel or the defendant.” ABA Standards for Criminal Justice: Pleas of
Guilty (3d ed., 1999), available at http://www.abanet.org/crimjust/standards/
guiltypleas_blk.html#3.1. Nothing in the record, however, supports that the
prosecutor knowingly made false statements or misrepresentations as to law or fact
in the course of plea negotiations. Appellant has not established that the prosecutor
had any legal duty to disclose plea negotiations that occurred in other cases or to
chronicle her professional experience.
          Accordingly, we overrule appellant’s second issue. 
 
Conclusion

          We affirm the judgment of the trial court.

 



                                                             Laura Carter Higley
                                                             Justice

Panel consists of Chief Justice Radack and Justices Nuchia and Higley.

Do not publish. See Tex. R. App. P. 47.2(b).