# Court of Appeals
## Tenth Appellate District of Texas

---

No. 10-22-00173-CR

---

Joshua David Orler,
Appellant

v.

The State of Texas,
Appellee

---

On appeal from the
19th District Court of McLennan County, Texas
Judge David L. Hodges, presiding
Trial Court No. 2021-575-C1

---

CHIEF JUSTICE JOHNSON delivered the opinion of the Court.

## MEMORANDUM OPINION

Joshua Orler appeals from ten convictions for the offense of indecency with a child by exposure. TEX. PENAL CODE § 22.11. Orler complains that: (1) the evidence was insufficient because the child was not present when he disrobed and that the exposure was not directed at the child; (2) the evidence was insufficient to prove beyond a reasonable doubt that he exposed his anus which served as the basis for five of his convictions; (3) the rule of lenity

requires that he be convicted of indecent exposure rather than indecency with a child because he was no more than reckless about the presence of the child at the time of exposure; and (4)-(8) raise various issues in the alternative regarding the assessment of costs. We affirm as modified.

## Background

Orler was charged in counts 1-5 of the indictment with the offense of indecency with a child by exposure of his genitals and in counts 6-10 with the offense of indecency with a child by exposure of his anus. The allegations stemmed from an outcry made by Orler's daughter that she had watched Orler and his girlfriend having sex on many occasions and had seen both Orler and his girlfriend naked on each occasion. All but one of the occurrences had taken place in Orler's residence. One occurrence took place in a hotel room shared by Orler, his girlfriend, and the child. The jury found Orler guilty on all ten counts.

## Standard of Review

The Court of Criminal Appeals has expressed our standard of review of sufficiency issues as follows:

> When addressing a challenge to the sufficiency of the evidence, we consider whether, after viewing all of the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L.Ed.2d 560 (1979); *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017). This standard requires the appellate court to

defer "to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. We may not re-weigh the evidence or substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). The court conducting a sufficiency review must not engage in a "divide and conquer" strategy but must consider the cumulative force of all the evidence. *Villa*, 514 S.W.3d at 232. Although juries may not speculate about the meaning of facts or evidence, juries are permitted to draw any reasonable inferences from the facts so long as each inference is supported by the evidence presented at trial. *Cary v. State*, 507 S.W.3d 750, 757 (Tex. Crim. App. 2016) (*citing Jackson*, 443 U.S. at 319); *see also Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007). We presume that the factfinder resolved any conflicting inferences from the evidence in favor of the verdict, and we defer to that resolution. *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). This is because the jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). Direct evidence and circumstantial evidence are equally probative, and circumstantial evidence alone may be sufficient to uphold a conviction so long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Ramsey v. State*, 473 S.W.3d 805, 809 (Tex. Crim. App. 2015); *Hooper*, 214 S.W.3d at 13.

We measure whether the evidence presented at trial was sufficient to support a conviction by comparing it to "the elements of the offense as defined by the hypothetically correct jury charge for the case." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id*.; *see also Daugherty v. State*, 387 S.W.3d 654, 665 (Tex. Crim. App. 2013). The "law as authorized by the indictment" includes the statutory elements of the offense and those elements as modified by the indictment. *Daugherty*, 387

S.W.3d at 665.

*Zuniga v. State*, 551 S.W.3d 729, 732-33 (Tex. Crim. App. 2018).

**Issue One**

In his first issue, Orler complains that the evidence was insufficient for the jury to have found that the child was present at the time of the initial exposure and that Orler's exposure was not directed at the child. Orler contends that on nine of the ten charged occasions, he was already exposed at the time the child entered the room, making it impossible for him to commit the offense of indecency with a child by exposure because the exposure was complete at the time of disrobing when the child was not present. For those nine incidents, Orler further argues that any exposure was not directed at the child because the child was not present at the time he exposed himself.

A person commits the offense of indecency with a child by exposure if, with a child younger than seventeen years of age, the person, with intent to arouse or gratify the sexual desire of any person, exposes the person's anus or any part of the person's genitals, knowing the child is present. TEX. PENAL CODE § 21.11(a)(2)(A). The child need not be aware of the exposure, only present when it occurred; thus, the offense "is complete once the defendant unlawfully exposes himself in the required circumstances." *Harris v. State*, 359 S.W.3d 625, 631 (Tex. Crim. App. 2011).

Although the offense of indecency with a child by exposure is complete

at the moment of the exposure, we have found no authority to support the proposition that the offense cannot occur when the exposure to the child takes place after an individual is already disrobed.

In this proceeding the child testified that on one of the occasions, she was in a hotel room with Orler and his girlfriend and that she was present the entire time that Orler and his girlfriend were having sex with each other, so any exposure would have arguably occurred at the time Orler disrobed. On the other occasions, the child testified that Orler and his girlfriend were having sex at night in another room that did not have a door and she would walk in on them. Initially it was inadvertent, but Orler allowed the child to remain in the room. The child testified that Orler routinely invited or permitted her to remain in the room when the child would walk in on them and to watch them engaging in sexual intercourse. At times she made videos of Orler and his girlfriend having sex, with Orler instructing her to place the recording device so it would not move during recording so it would not appear that the child was filming it. The child stated that some of the time, Orler would verbally tell her she could remain in the room. Sometimes the child would ask questions about what they were doing, and Orler or his girlfriend might answer or might tell her to be quiet.

Additionally, although it is not necessary for the child to actually see the defendant's genitals or anus while exposed, the child in this proceeding

testified as to tattoos that were on Orler's genitalia. Photographs of the tattoos were admitted into evidence, which added credibility to the child's testimony.

Although it might be more common for the exposure to take place at the time of disrobing, it is not required under the statute. Rather, and as occurred in this proceeding, an exposure can take place at the time the child enters a place where an individual is exposed, and the individual does not end the exposure but continues in a manner that a reasonable juror could find was with the knowledge that the child was present and with the intent to arouse or gratify any person.

Orler further argues that the evidence was insufficient for the jury to find that he directed the exposure toward the child. However, the statute does not require that the exposure be directed at the child, merely that the defendant knows that the child is present. *Harris*, 359 S.W.3d at 631 (citing *Wallace v. State*, 550 S.W.2d 89, 91 (Tex. Crim. App. 1977).

Our review of the evidence under the appropriate standards establishes that the evidence was sufficient for the jury to have found that Orler committed the offenses of indecency with a child by exposure. We overrule issue one.

## Issue Two

In his second issue, Orler complains that the evidence in support of

counts 6-10 of the indictment was insufficient for the jury to have found that he exposed his anus because the child did not describe having seen any body part beyond his genitalia and his "butt" or that any potential exposure of his anus was with the intent to arouse or gratify the sexual desire of any person. Orler contends that although it was not necessary that the child actually saw his anus, some evidence that he exposed his anus was required.

The jury charge did not define the term "anus." Orler argues that the term has an established legal meaning, which is "the posterior opening of the alimentary canal" and excludes the buttocks. *See Pryor v. State*, 719 S.W.2d 628, 630 (Tex. App.—Dallas 1986, pet. ref'd) (*citing Wright v. State*, 693 S.W.2d 734, 735 (Tex. App.—Dallas 1985, pet. ref'd)); *see* TEX. PENAL CODE § 21.01 (practice commentary). Orler further argues that the evidence at trial did not include any testimony that he ever exposed his anus as defined above[1] and was therefore insufficient to support the convictions for counts 6-10.

The child testified that on multiple occasions she entered a room where Orler and his girlfriend were having sex. She testified that Orler was aware of her presence, and on some occasions invited her to stay and eventually allowed her to make a video on his iPad. During some of those occasions, the child would ask questions about what they were doing, and was told about

[1] Orler did not argue to the trial court or in this appeal that the jury charge was erroneous for failing to define the term.

the various positions she observed, positions the child could identify by common slang names. The child testified that she observed Orler and his girlfriend in these varied positions and that she saw her father's "D-I-C-K" and "butt." The child testified that she saw tattoos on genitalia. Two videos of Orler and his girlfriend were admitted into evidence which showed them in multiple positions engaging in sexual activity that were made in the same bedroom where the child described some of the events having taken place. The videos were not the ones made by the child.

Based on the child's testimony and the videos that constituted examples of Orler's sexual conduct, we find that a reasonable juror could have found beyond a reasonable doubt that Orler exposed his anus during the sexual activity with his girlfriend. Although he argues that there was no evidence that he spread his buttocks to expose his anus during the sexual activity, it is a reasonable inference for the anus to become visible during the sexual activity as described by the child and as depicted in the videos. It is also a reasonable inference that the exposure made while Orler was continuing to engage in sexual intercourse with his girlfriend was with the intent to arouse or gratify the sexual desire of another person. We find that the evidence was sufficient in counts 6-10. We overrule issue two.

### Issue Three

In his third issue, Orler argues that the Rule of Lenity compels a

determination that he cannot be found guilty of the offense of indecency with a child by exposure because he could not have known that the act of having sex in front of his child met the elements of indecency with a child by exposure. Rather, Orler contends that he should be found guilty, at most, of indecent exposure, which is a lesser-included offense of indecency of a child by exposure but requires only that a person is "reckless" about whether or not another person is present instead of knowledge of the presence of a child.

Orler's argument is that there is a constitutional due-process principle "that no individual be forced to speculate, at peril of indictment, whether his conduct is prohibited." *Dunn v. United States*, 442 U.S. 100, 112, (1979). He argues that "due process bars courts from applying a novel construction of a criminal statute to conduct that neither the statute nor any prior judicial decision has fairly disclosed to be within its scope[.]" *United States v. Lanier*, 520 U.S. 259, 266 (1977). Orler contends that the State has stretched the indecency with a child by exposure statute beyond its intended construct to convict him of offenses he did not have any ability to perceive were criminal because his counsel has found no caselaw that has been limited to the facts before us and did not include some direct sexual activity with a child. Because of this, Orler argues that the rule of lenity resolves any ambiguity in a criminal statute so as to apply it only to conduct clearly covered, which, at most, would result in convictions for indecent exposure. *Lanier*, 520 U.S. at

266.

The State argues that the rule of lenity has been codified into the Texas Government Code in Section 311.035 and is inapplicable to this proceeding. *See* TEX. GOV'T CODE § 311.035. The codified version states that:

> (b) Except as provided by Subsection (c), a statute or rule that creates or defines a criminal offense or penalty shall be construed in favor of the actor if any part of the statute or rule is ambiguous on its face or as applied to the case, including:
> (1) an element of the offense; or
> (2) the penalty to be imposed.
> (c) Subsection (b) does not apply to a criminal offense or penalty under the Penal Code or under the Texas Controlled Substances Act.
> (d) The ambiguity of a part of a statute or rule to which this section applies is a matter of law to be resolved by the judge.

TEX. GOV'T. CODE § 311.035(b)-(d). The State argues that the rule of lenity does not apply to this proceeding because this is a proceeding under the Penal Code which is specifically excluded from the application of the rule.

We agree with the State that the statutory rule of lenity in the Government Code does not apply to this proceeding.[2] To whatever degree a constitutional due process rule of lenity might exist, we do not find that it applies to this proceeding to afford Orler the relief he seeks. It is not a surprise to any person to know that engaging in sexual conduct while naked and uncovered after an individual knows a child has entered the room would

---

[2] In his reply brief to this Court, Orler appears to raise the constitutionality of the rule of lenity statute as applied to him. However, it does not appear that this complaint was raised in the trial court and Orler does not address any basis under which preservation is not necessary. Therefore, this complaint has not been preserved and is waived. *See* TEX. R. APP. P. 33.1.

constitute a criminal offense. Moreover, Orler warned the child to not discuss what she saw because he would be in "big trouble" if she did, thus evidencing an awareness of the illegality of the conduct.

Orler further argues that because the evidence established that the child was not present when he disrobed on each occasion other than the one incident in the hotel room, and at most, the jury could only have found that he was reckless about whether or not another person was present, the rule of lenity requires a conviction for the lesser offense of indecent exposure. However, in the first issue we determined that the act of disrobing was not the moment of the exposure, and the evidence was sufficient for the jury to find that he was exposed at a time he knew the child was present. We do not find that under the facts of this proceeding the rule of lenity should provide Orler relief. We overrule issue three.

## Issues Four through Eight

COURT COSTS

In his fifth issue, Orler contends that the court costs are not due and owing because the record does not contain a bill of costs. Page 176 of the clerk's record before us contains a certified bill of costs dated July 20, 2022. Regardless, court costs are not due and payable by a defendant until the judgment is final. *See Dulin v. State*, 620 S.W.3d 129, 133 (Tex. Crim. App. 2021). We overrule Orler's fifth issue.

In his eighth issue, Orler contends that court costs are not subject to collection during the pendency of his appeal. Orler does not complain about efforts to collect court costs or ask for this court for relief from collection efforts despite there being an "Order to Withdraw Funds" included in the record. We overrule Orler's eighth issue.

FINES

In his fourth issue, Orler contends that the fines are improperly cumulated, and in his seventh issue, Orler contends that the fines are improperly assessed.

The jury assessed fines of $10,000 on counts one through five and fines of $5,000 on counts six through ten. The trial court pronounced that the sentences, including the fines, for counts two through ten were to be served concurrently and that the sentence for count one would commence after the sentences for counts two through ten were completed. In essence, count one runs consecutive to counts two through ten. The State agrees that the fines should run concurrently for counts two through ten.

The judgment for each count properly reflects the fine that was assessed in that particular count. However, the uncertified bills of costs attached to each judgment and the certified bill of costs reflects fines in the amount of $75,000. Fines are not part of court costs and thus, fines do not belong in a bill of costs. *Armstrong v. State,* 340 S.W.3d 759, 766-67 (Tex.

Crim. App. 2011). We therefore delete the fines from the uncertified bills of costs and the certified bill of costs.

We sustain Orler's issue four and overrule Orler's issue seven.

In his sixth issue, Orler contends that court costs are improperly cumulated. When multiple counts or cases are tried together, the defendant can be assessed court costs only once. TEX. CODE CRIM. PROC. ANN. art. 102.073(a); *see also Hurlburt v. State*, 506 S.W.3d 199, 203-04 (Tex. App.—Waco 2016, no pet.). Because the certified bill of costs contains only the court costs for this single trial court cause we overrule Orler's sixth issue.

## Conclusion

We affirm the judgments of the trial court and modify the bills of costs attached to the judgments and modify the certified bill of costs.

_____
MATT JOHNSON
Chief Justice

OPINION DELIVERED and FILED: February 13, 2025

Before Chief Justice Johnson,
      Justice Smith, and
      Justice Harris
Affirmed as modified
Do not publish
[CR25]

