In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-09-00058-CR


______________________________




MICHAEL LEE ALBERTS, SR., Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the Sixth Judicial District Court


 Lamar County, Texas


Trial Court No. 21447




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss





MEMORANDUM OPINION



 In a consolidated jury trial of two cases in Lamar County, Michael Lee Alberts, Sr., was
convicted of various sexual offenses against two child victims. In trial court case numbered 21447
(this appellate cause number 06-09-00058-CR, addressed in this opinion), the State alleged, in two
counts, sexual offenses against K.R.; Count I alleged contact of Alberts' penis with K.R.'s anus,
while Count II alleged contact of Alberts' penis with K.R.'s vagina. (1) In the companion case, trial
court case numbered 22305 (appellate cause number 06-09-00059-CR, addressed by this Court in
a separate opinion issued the same date as this opinion), the State alleged, in three counts, sexual
offenses against D.G.

 In this case, Alberts argues on appeal that the evidence was legally and factually insufficient
to support the judgment, that counsel was ineffective for failing to object to harmful evidence, that
the jury charge permitted a nonunanimous verdict, that the trial court erroneously excluded evidence
favorable to Alberts during the punishment phase, and that the trial court exhibited bias during the
punishment phase.

 As to Count I, we modify the judgment to reflect a conviction for indecency with a child by
contact, rather than aggravated sexual assault, and reverse and remand the case for a new punishment
trial on Count I. As to Count II, we reverse Alberts' conviction thereunder and remand that portion
of the case for a new trial on guilt/innocence. We reach those dispositions because, as set out below,
we hold that (1) under Count I, the evidence was legally insufficient for the jury to find that Alberts
committed aggravated sexual assault against K.R., as alleged; (2) under Count I, the evidence was
legally and factually sufficient to convict Alberts under the submitted lesser-included offense charge
of indecency with K.R. by contact; and (3) under Count II, the jury charge did not assure Alberts of
his right to a unanimous verdict. Because the claims of ineffectiveness of counsel are intertwined
with many of the same claims in the companion case, we address, in the companion case's opinion,
all claims of ineffectiveness of counsel--in each, holding that ineffectiveness of counsel has not
been shown.

 Alberts had twenty-three grandchildren and step-grandchildren, including K.R. and D.G. (2) 
The family enjoyed large gatherings in Alberts' back yard, happily playing on the swing set or
relaxing in the hot tub, until outcries of sexual assault created a deep rift between family members. 
 The Hot-Tub Incident. Thirteen-year-old K.R. testified about an incident that occurred at
such a family gathering when they were swimming and sitting around in the hot tub. At one point,
"everybody got out . . . to get something sweet" inside the house, except Alberts and K.R. K.R. told
the jury Alberts "pulled me to him," "pulled down his bottoms and my bottoms," and "touched his
penis to my vagina." The incident lasted "[a]bout half a second, then everybody started coming back
out." Alberts pushed her away, pulled up his pants, and put his finger to his lips, indicating for K.R.
to be quiet. 

 The Attic Incident. On another occasion, K.R. and D.G. were clearing Alberts' garage by
storing boxes in the attic. When D.G. went into the house to get a drink, K.R. testified Alberts
"grabbed me and put me on his leg." "He pulled me down onto his lap and unzipped his zipper-thing . . . [and] pulled my hands around to his penis." Forensic interviewer Rebecca Peavy testified
that K.R.'s outcry included statements that, at that time, Alberts rubbed his private part on K.R.'s
private part--identified on a drawing as her vagina. When Alberts heard D.G. climb up the stairs
to the attic, he "zipped up," and K.R. backed away from him. 

 The Couch Incident. Yet another time, K.R. woke up from a winter nap to find Alberts
sitting on the couch next to her. She got underneath the blanket Alberts was holding. He wrapped
his arms around her waist, pulled down her pajamas with his feet, and kicked off his basketball
shorts, all while under the blanket. K.R. testified Alberts touched his penis to her "butt." Peavy
testified that K.R.'s outcry included a statement that, at that time, Alberts touched his private part
to K.R.'s "behind or butt." The event ended when Alberts' wife walked into the room. 

(1) Under Count I, the Evidence Was Legally Insufficient for the Jury to Find that Alberts
Committed Aggravated Sexual Assault Against K.R., as Alleged

 A person commits aggravated sexual assault if he or she intentionally or knowingly causes
the anus of a child to contact his or her sexual organ and the victim is younger than fourteen years
of age. Tex. Penal Code Ann. § 22.021(a)(1)(B)(iv), (2)(B) (Vernon Supp. 2009). Count I of the
State's indictment alleged Alberts "cause[d] the anus of [K.R.], a child younger than 14 years of age
who was not the spouse of said defendant to contact the sexual organ of the defendant." Alberts
contends the evidence was insufficient to sustain a conviction on Count I of aggravated assault
against K.R., because it did not demonstrate Alberts touched K.R.'s anus. (3) We agree.

 "'Anus,' as used in Section 21.01, is intended in the strict anatomical sense--the posterior
opening of the alimentary canal--thus excluding the buttocks." Pryor v. State, 719 S.W.2d 628, 630
(Tex. App.--Dallas 1986, pet. ref'd) (citing Wright v. State, 693 S.W.2d 734, 735 (Tex.
App.--Dallas 1985, pet. ref'd)); see Tex. Penal Code Ann. § 21.01 (Vernon Supp. 2009) (practice
commentary). Therefore, the proof required in this case was that Alberts touched his penis to K.R.'s
anus, not the surrounding area or buttocks in general. See Pryor, 719 S.W.2d at 630; see also
Saldana v. State, 287 S.W.3d 43, 60-61 (Tex. App.--Corpus Christi 2008, pet. ref'd) (but
concluding evidence was sufficient). (4)

 The requirement of legal sufficiency confirms that a fact question was raised by the evidence. 
Clewis v. State, 922 S.W.2d 126, 132-33 (Tex. Crim. App. 1996). If the evidence in this case was
insufficient to raise an issue of Alberts' guilt, there was no issue for the jury's resolution. Id. When
conducting a legal sufficiency analysis, we review all of the evidence in the light most favorable to
the verdict and determine whether any rational jury could find the essential elements of aggravated
sexual assault and indecency with a child as charged by the indictment beyond a reasonable doubt. 
Hooper v. State, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007); Lacour v. State, 8 S.W.3d 670, 671 (Tex.
Crim. App. 2000) (citing Jackson v. Virginia, 443 U.S. 307, 319 (1979)); Clewis, 922 S.W.2d at
132-33; Saxton v. State, 804 S.W.2d 910, 914 (Tex. Crim. App. 1991). 

 Our analysis of whether the evidence is sufficient is measured against the elements of the
offense with the same kind of analysis as that applied in the test for a hypothetically-correct jury
charge for the case. (5) Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); see also Grotti
v. State, 273 S.W.3d 273, 280 (Tex. Crim. App. 2008). The hypothetically-correct jury charge "sets
out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of
proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular
offense for which the defendant was tried." Malik, 953 S.W.2d at 240.

 K.R. stated that, on one occasion, Alberts "touched his penis to [her] butt" while on the
couch. When asked, "Did he attempt to do anything with his penis," she replied, "No, just touched
it there." Peavy recalled K.R.'s outcry and testified to the same effect. Based on this evidence, we
conclude a rational jury could not find beyond a reasonable doubt that Alberts' penis contacted
K.R.'s anus, as alleged in the indictment. See Sessums v. State, 129 S.W.3d 242, 246 (Tex.
App.--Texarkana 2004, pet. ref'd). We sustain Alberts' legal sufficiency point of error as to
Count I's charge of aggravated sexual assault of K.R. 

(2) Under Count I, the Evidence Was Legally and Factually Sufficient to Convict Alberts Under
the Submitted Lesser-Included Offense Charge of Indecency with K.R. by Contact


 The jury charge in this case included, under Count I, the lesser-included offense of indecency
with a child by sexual contact. Therefore, we may reform the judgment of conviction to reflect
conviction of a lesser-included offense if we find that the evidence was sufficient to support
conviction of the lesser-included offense. Collier v. State, 999 S.W.2d 779 (Tex. Crim. App. 1999).

 Unlike legal sufficiency review, we examine the evidence in a neutral light when assessing
factual sufficiency and determine whether the proof of guilt is obviously so weak as to undermine
confidence in the verdict, or, if taken alone, is greatly outweighed by contrary proof so as to be
clearly wrong and unjust. Zuliani v. State, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003); Johnson
v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000); Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim.
App. 1997); Harris v. State, 133 S.W.3d 760, 764 (Tex. App.--Texarkana 2004, pet. ref'd). A
clearly wrong and unjust verdict is manifestly unjust, shocks the conscience or clearly demonstrates
bias. Santellan v. State, 939 S.W.2d 155,164-65 (Tex. Crim. App. 1997). Because factual
sufficiency is an issue of fact, we are not free to reweigh the evidence and set aside the verdict
merely because we feel a different result is more reasonable. Clewis, 922 S.W.2d at 135. 

 With respect to Count I, the State was required to prove that (1) Alberts; (2) touched any part
of K.R.'s privates or made her touch his privates; (3) with intent to arouse or gratify his sexual
desires; and (4) that K.R. was younger than seventeen and was not married to Alberts. Tex. Penal
Code Ann. § 21.11 (Vernon Supp. 2009). The specific intent to arouse or gratify the sexual desire
element can be inferred from the defendant's conduct, his remarks, and all surrounding
circumstances. See McKenzie v. State, 617 S.W.2d 211, 216 (Tex. Crim. App. 1981); Couchman
v. State, 3 S.W.3d 155, 163 (Tex. App.--Fort Worth 1999, pet. ref'd).

 K.R., who was younger than seventeen, identified Alberts, stated she was not married to him,
and told the jury he touched her "butt" with his penis. See Tex. Penal Code Ann. § 21.11. Peavy's
testimony was consistent with K.R.'s testimony on this point. Based on this evidence, a rational jury
could find beyond a reasonable doubt that Alberts engaged in sexual contact with K.R., by touching
his penis to her buttocks, with intent to arouse. (6) Also, we cannot conclude that a finding of
indecency with K.R. would be obviously weak or greatly outweighed by contrary proof so as to be
clearly wrong and unjust. 

 Accordingly, the trial court's judgment as to Count I in K.R.'s case is modified to reflect
conviction under Section 21.11 of the Texas Penal Code for indecency with a child by contact. As
modified, Alberts' conviction is affirmed, the punishment is reversed, and the case is remanded to
the trial court for a determination of the punishment for that lesser-included offense under Count I. 
(3) Under Count II, the Jury Charge Did Not Assure Alberts of His Right to a Unanimous
Verdict

 Count II alleged Alberts "intentionally or knowingly cause[d] the defendant's sexual organ
to contact the female sexual organ of [K.R.]."

 "The general rule is that where one act . . . is alleged in the indictment and more than one act
. . . is shown by the evidence in a sexual assault trial, the State must elect the act upon which it
would rely for conviction." O'Neal v. State, 746 S.W.2d 769, 771 (Tex. Crim. App. 1988). K.R.
testified to three separate instances of alleged assault or indecency. Alberts complains that the State
failed to elect which of the three separate incidents on which it was relying for conviction. He
admits that he failed to request that the State make an election. Id. at n.3. Alberts is correct that
failure to request an election does not vitiate his constitutional right to a unanimous jury verdict. 
Demps v. State, 278 S.W.3d 62, 67 (Tex. App.--Amarillo 2009, pet. ref'd).

 Alberts cites Ngo v. State, 175 S.W.3d 738 (Tex. Crim. App. 2005). In that case, appellant
was charged with credit card abuse under an indictment containing three paragraphs and alleging
three separate criminal acts--stealing a credit card, receiving a stolen credit card, and fraudulently
presenting a credit card. Id. at 741. The three application paragraphs in the charge "permitted the
jury to convict appellant if some of the jurors found that he stole the credit card, others believed he
received a stolen credit card, and still others thought that he fraudulently presented it." (7) Id. In
Demps, also cited by Alberts, the indictment charged appellant with "intentionally and knowingly
engaging in sexual contact with a child in Lubbock County on September 16, 2005," but evidence
was presented that the victim was also sexually assaulted "in a like manner at various times and
locations in Lubbock in the weeks prior to September 16." 278 S.W.3d at 68 (emphasis added). In
both cases, error was found because, in each case, the evidence before the jury allowed the possible
problem of lack of unanimity.

 In this case, K.R. testified that Alberts "touched his penis to my vagina" in the hot tub, 
"pulled my hands around to his penis" in the attic, and touched his penis to her "butt" on the couch. 
Although the incident on the couch occurred in winter, no dates or general time frame described
when the other two events occurred. The State's indictment alleged in Count I that Alberts caused
his sexual organ to touch K.R.'s anus and in Count II that Alberts caused his sexual organ to touch
K.R.'s sexual organ. The incident on the couch could pertain only to Count I of the indictment, as
there was no evidence that the "couch incident" involved any touching of K.R.'s vagina. In other
words, as to Count I, unlike in Ngo or Demps, the jury could not find Alberts guilty unless all jury
members unanimously believed the particular incident on the couch occurred.

 A problem arises, however, relative to Count II: the "hot tub" incident and the "attic"
incident both have some evidence pointing to a touching of K.R.'s vagina with Alberts' penis. While
K.R. testified only that, in the attic, Alberts "pulled [K.R.'s] hands around to his penis," Peavy
testified that K.R. told her Alberts "rubbed his private part on her private part" in the attic. Thus,
there was potential, as there was in Ngo and Demps that some jury members found Alberts guilty
under Count II for the "attic" incident, while some found him guilty for the "hot tub" incident. See
Phillips v. State, 130 S.W.3d 343, 353 (Tex. App.--Houston [1st Dist.] 2004), aff'd, 193 S.W.3d
at 913 (Tex. Crim. App. 2006).

 When "taken as a whole, the jury charge contained error since it failed to contain an
instruction that the jurors must be unanimous in deciding which one (or more) of the offenses proved
at trial were committed" by Alberts. See Demps, 278 S.W.3d at 68. 

 Because Alberts did not object to the jury charge, we may not reverse on this point of error
unless the record demonstrates egregious harm to Alberts under the Almanza standard. Ngo, 175
S.W.3d at 744-45 (citing Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on
reh'g)); Mathonican v. State, 194 S.W.3d 59, 62, 66 (Tex. App.--Texarkana 2006, no pet.). Under
Almanza, the record must show that Alberts suffered actual, rather than merely theoretical, harm
from jury instruction error. Ngo, 175 S.W.3d at 750. "Errors that result in egregious harm are those
that affect 'the very basis of the case,' 'deprive the defendant of a valuable right,' or 'vitally affect
a defensive theory.'" Id. In making an egregious harm determination, we evaluate (1) the entire jury
charge, (2) the state of the evidence, including the contested issues and weight of probative evidence,
(3) the arguments of counsel, and (4) any other relevant information revealed by the record as a
whole. Id. (citing Almanza, 686 S.W.2d at 171); Ellison v. State, 86 S.W.3d 226, 228 (Tex. Crim.
App. 2002); Mathonican, 194 S.W.3d at 66. 

 In this case, we find that the indictments, state of the evidence and statements of counsel
compounded the jury charge error. First, because no specific date or even month of the occurrences
in the hot tub and the attic were given in the indictment, the jury could not rule out the State's
reliance on either occurrence using timing. The state of the contested evidence revealed that, if the
jury believed Peavy's and K.R.'s testimony, clear testimony existed for two specific instances where
Alberts caused his sexual organ to contact K.R.'s sexual organ. During opening statements, the State
said:

[K.R.] is going to tell you on three separate occasions, the defendant took her panties
off or pulled her panties down and tried to have intercourse with her. One time she
was in the attic helping him move boxes. He pulled his pants down. He pulled her
pants down. Tried to have intercourse with her . . . . On another occasion, they were
in the hot tub of the defendant . . . the two of them stay in it and he tried to have sex
with her a third time.


Throughout the trial, the State failed to specify on which incident it was relying for conviction, and
counsel for both parties generally referred to all incidents of alleged touching during closing
argument. The State also said during closing: "[y]ou can see from the pictures that [K.R.] drew, she
put a penis and -- she put a vagina and a penis together . . . . Paragraph 5 is Count 2, the defendant's
sexual organ contacted the female sexual organ of [K.R.], which I just showed you." Peavy's
testimony did not specify whether the drawing was made during [K.R.'s] discussion of the touching
that occurred in the attic or in the hot tub. The State also argued, "[Y]ou don't think -- she would
make up a story that he sexually abused her and he's actually penetrated her multiple times?" 

 Given the "emphasis [o]n the State's presentation of the case, the risk of a non-unanimous
verdict was substantial." See Stuhler v. State, 218 S.W.3d 706, 718-19 (Tex. Crim. App. 2007) (jury
charge failed to require unanimous "verdict whether the appellant caused serious mental deficiency,
impairment, or injury"; egregious harm found where "[a]lthough the evidence was sufficient to
establish serious mental injury, by far the greater bulk of the State's evidence . . . was devoted to
trying to establish serious bodily injury"). There was no written or oral instruction informing the jury
that it was required to unanimously determine either that the attic incident or the hot tub incident
occurred. The potential for lack of unanimity was heightened by the repeated references in the
record to multiple penile-vaginal contacts. As was the deciding factor in Ngo, we "cannot determine
that the jury was, in fact, unanimous in finding appellant guilty of one specific . . . offense," based
on the entire record. 175 S.W.3d at 752. Thus, we find that the charge error, which allowed a
nonunanimous verdict, egregiously harmed Alberts' "right to a fair and impartial trial." (8) Id.; Stuhler,
218 S.W.3d at 719-20. We sustain Alberts' point of error, reverse the trial court's judgment on
Count II involving K.R., and remand to the trial court for a new trial.

 Due to our disposition of this case, we need not discuss the remaining points of error, with
the exception of ineffective assistance of counsel. In our opinion of the companion case, cause
number 06-09-00059-CR involving Alberts' convictions of indecency with D.G., we analyze
Alberts' complaints and determine counsel was not ineffective. That analysis is equally applicable
here.

 Since we conclude the evidence was insufficient for the jury to find Alberts committed
aggravated sexual assault as alleged under count I of cause number 21447, but find the evidence was
sufficient to convict him under the submitted lesser-included offense charge, we modify the trial
court's judgment under Count I to reflect conviction for indecency with a child by contact. As
modified, Alberts' conviction under Count I is affirmed, the punishment is reversed, and the case
is remanded to the trial court for a determination of the punishment for that offense. Also, because
the jury charge egregiously harmed Alberts in his right to a unanimous verdict under Count II of the
indictment involving K.R., we reverse Alberts' conviction under Count II and remand that portion
of the case to the trial court for a new trial under Count II.




 Josh R. Morriss, III

 Chief Justice


Date Submitted: November 6, 2009

Date Decided: December 11, 2009


Do Not Publish
1. In this case, the jury found Alberts guilty of two counts of aggravated sexual assault of K.R.
and assessed punishment of twenty-five years' imprisonment for each count. 
2. In one consolidated trial, the State tried Alberts for aggravated assault of K.R. and indecency
with D.G. See our opinion in cause number 06-09-00059-CR for disposition of Alberts' points of
error involving D.G.
3. Emphasizing the difference between the terms "anus" and "buttocks," the trial court's charge
instructed the jury to find Alberts guilty of aggravated sexual assault if they found he caused "the
anus of K.R." to contact Alberts' sexual organ beyond a reasonable doubt, and instructed them to
find Alberts guilty of indecency with a child if they found Alberts caused his sexual organ to "touch
the buttocks" of K.R. 
4. In rebuttal, the State points us to the easily distinguishable case of Mallet v. State, 9 S.W.3d
856 (Tex. App.--Fort Worth 2000, no pet.). The court in Mallet found the evidence to be sufficient
because the victim testified that the defendant "stuck his penis in [her butt]" and that his penis "went
inside [her] butt." Id. at 864. The victim also clarified the "butt" was "where you go to the
bathroom," that defendant "did this for five to ten minutes and that she cried and told him to stop
because it hurt." Id. Medical records also indicated the doctor clarified with the victim that "the
anus stung a little afterwards." Id. 
5. Malik controls "even in the absence of alleged jury charge error." Gollihar v. State, 46
S.W.3d 243, 255 (Tex. Crim. App. 2001). 
6. The jury could infer, from Alberts' conduct and the surrounding circumstances, that he had
a specific intent to arouse or gratify his sexual desire. See McKenzie, 617 S.W.2d at 216; Couchman,
3 S.W.3d at 163.
7. Specifically, the charge read: 


 Now, if you find from the evidence beyond a reasonable doubt that [appellant] on or
about the 13th day of December, 2002, did then and there unlawfully, intentionally
or knowingly steal a credit card owned by the cardholder, Hong Truong, with intent
to deprive the cardholder of the property and without the effective consent of the
cardholder; or 

 

 If you find from the evidence beyond a reasonable doubt that [appellant] on or about
the 13th day of December, 2002, did then and there unlawfully and knowingly
receive with intent to use a credit card owned by card holder, Hong Truong, knowing
the credit card had been stolen; or 

 

 If you find from the evidence beyond a reasonable doubt that [appellant] on or about
the 13th day of December, 2002, with intent to obtain a benefit fraudulently, did use
or present to [H]anh Nguyen a credit card knowing the use was without the effective
consent of the cardholder, Hong Truong, namely without consent of any kind, and
knowing that the credit card had not been issued to the defendant, then you will find
[appellant] guilty as charged in the indictment.


Ngo, 175 S.W.3d at 741 n.5 (emphasis added). 
8. See Ngo, 175 S.W.3d at 751, n.51 (citing Horton v. United States, 541 A.2d 604, 610-11
(D.C. Ct. App. 1988) (defendant's right to unanimous jury verdict violated when different factual
scenarios could have supported jury verdict on assault conviction and appellate court could not "infer
from the verdicts themselves that all the jurors were in agreement as to appellant's specific criminal
acts"); Hawaii v. Mahoe, 972 P.2d 287, 294 (Haw. 1998) (right to unanimous jury verdict violated
when defendant made two distinct entries into residence, prosecution did not elect which entry on
which to rely for conviction, and jury not given specific instruction of requirement of unanimity for
underlying criminal act); Illinois v. Scott, 612 N.E.2d 7, 9, (Ill. Ct. App. 1993) (right to unanimous
verdict violated when defendant charged with three counts of delivery of a controlled substance and
verdict form included only one count of delivery, allowing jurors to find guilt without agreeing on
which count he was guilty)).



ment-top:.8pt'>
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No.
06-11-00100-CV

                                                ______________________________

 

 

 

                                                                        IN
RE:

KEVIN
SHAWN ARMSTRONG

 

 

                                                                                                  


 

                                                                                                                            


                                                     Original
Mandamus Proceeding

 

                                                                                                  


 

 

 

 

                                          Before
Morriss, C.J., Carter and Moseley, JJ.

                                        Memorandum
Opinion by Chief Justice Morriss

                                                                              

                                                                              








                                                      MEMORANDUM
OPINION

 

            Kevin Shawn Armstrong has filed a
petition for writ of mandamus in which he asks this Court to order the 115th
Judicial District Court of Marion County, Texas, to rule on several motions[1]
he filed with the District Clerk of Marion County.[2]  The motions were filed October 15, 2010.  When the trial court did not rule on his
motions, Armstrong filed a request for ruling on pending motions February 3,
2011.  Armstrong argues that the trial
court has failed or refused to fulfill its ministerial duty to consider and
rule on his motions.  

             We conditionally grant Armstrongs petition
because he is entitled to have a ruling on his motions. 

            We may grant a petition for writ of
mandamus when the relator shows there is no adequate remedy at law to redress
the alleged harm and that the act to be compelled is purely ministerial.  Aranda
v. Dist. Clerk, 207 S.W.3d 785, 786 (Tex. Crim. App. 2006) (orig. proceeding)
(citing Winters v. Presiding Judge of
Criminal Dist. Court No. Three, 118 S.W.3d 773, 775 (Tex. Crim. App.
2003)).  When a motion is properly filed
and pending before a trial court, considering and ruling on that motion is a
ministerial act, to compel which mandamus may issue.  In re
Kleven, 100 S.W.3d 643, 644 (Tex. App.Texarkana 2003, orig. proceeding); see also Safety-Kleen Corp. v. Garcia,
945 S.W.2d 268, 269 (Tex. App.San Antonio 1997, orig. proceeding).

            A trial court has a ministerial duty
to consider and rule on a motion brought to the courts attention within a
reasonable amount of time.  In re Bonds, 57 S.W.3d 456, 457 (Tex.
App.San Antonio 2001, orig. proceeding). 
Refusal to rule on a pending motion within a reasonable amount of time
can be remedied by mandamus.  See In re Shredder Co., 225 S.W.3d 676,
679 (Tex. App.El Paso 2006, orig. proceeding) (citing In re Greenwell, 160 S.W.3d 286, 288 (Tex. App.Texarkana 2005,
orig. proceeding)).  Whether a reasonable
time has lapsed depends on the circumstances of each case.  Blakeney,
254 S.W.3d at 662.  Determining what
time period is reasonable is not subject to exact formulation. . . .  Moreover, no bright line separates a
reasonable time period from an unreasonable one.  Id. (citing In re Keeter, 134 S.W.3d 250, 253 (Tex.
App.Waco 2003, orig. proceeding)). 
Periods of eighteen months, thirteen months, and three months have been
held to be too long for a trial court not to rule.  Kleven,
100 S.W.3d at 64445; In re Ramirez,
994 S.W.2d 682, 684 (Tex. App.San Antonio 1998, orig. proceeding); Kissam v. Williamson, 545 S.W.2d 265
(Tex. App.Tyler 1976, orig. proceeding) (per curiam).

            In this case, the motions have been
pending with the trial court since October 15, 2010.  Armstrong is entitled to have a ruling on his
motions.  The relief sought is, therefore,
conditionally granted.  The writ will
issue only if the trial court fails to take appropriate action in accordance
with this opinion.

 

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date
Submitted:          November 15, 2011

Date
Decided:             November 16, 2011

 

 

 











[1]Attached
to Armstrongs petition are file-stamped copies of motions to modify custody
and visitation, to compel performance of attorney ad litem, and for telephone
conference.

 





[2]When
Armstrong filed his motions with the district clerk, his cover letter requested
that the clerk bring the motions to the trial courts attention.  See In
re Blakeney, 254 S.W.3d 659, 662 (Tex. App.Texarkana 2008, orig.
proceeding) (The trial court is not required to consider a motion unless it is
called to the courts attention.).